THE CITY OF TOPEKA V. PERRY C. TUTTLE.

*Error from Shawnee County.*

1. PLEADINGS: PETITION, SUFFICIENCY OF.—A petition that states with circumstantial particularity that the defendant, an incorporated city of the second class, negligently left one of its streets out of repair, by reason whereof the plaintiff, without fault on his part, was injured, states facts sufficient to constitute a cause of action.
2. EVIDENCE: GENERAL STATUTES.—It is not proper, on the trial of a cause, to introduce the general statutes in evidence, as the court, without proof, will take judicial notice of the law.

3. ID: OFFICIAL ACTS.—*Parol* evidence of the official acts of the city council of said city is not the *best* evidence, and should not be received.

4. TRIAL: CHARGE TO THE JURY.—A court is not bound to repeat instructions to the jury, in the same or different language, or to give the law to the jury more than once; nor is the court bound to give the instructions in the exact language of the party asking them, but may give them in different language.

5. ACTION: INJURY TO PROPERTY.—A party who owns and has possession of personal property, that is mortgaged to another person for more than it is worth, and the mortgage is past due, may nevertheless recover for injuries done to it.

6. DAMAGES: REMOTENESS OF.—The horses of the plaintiff, while he was driving along a public street of the defendant, sunk into a mud-hole, became frighted in consequence, ran away, and in another place, but before they could be stopped, injured themselves and the plaintiff's carriage: *Held,* that the injuries to the horses and carriage are not too remote to be recovered.

7. TRIAL: SPECIAL FINDING BY JURY.—Under section 286 of the code, [*Gen. Stat.,* 684,] the right of the court to direct the jury to find specially, in cases of this kind, is purely discretionary, and the refusal of the court to do so cannot be assigned for error.

8. NEW TRIAL: PARTIAL RECORD.—When only a part of the evidence is brought to this court, it must be presumed that the verdict was sustained by sufficient evidence.

9. ID: AMOUNT OF RECOVERY.—If the verdict for the plaintiff was less in amount than it should have been under the evidence, this is not an error of which the defendant can complain.

10. TRIAL: JUDGMENT BEFORE FEE PAID.—The entering of the judgment for the plaintiff before the jury fee was paid, [§ 18, *Gen. Stat.,* 483,] although an irregularity is not such an irregularity as affects the substantial rights of the defendant, and hence must be disregarded. § 140, *Gen. Stat.,* 655.

11. ID: CURING IRREGULARITIES.—And the payment of the jury fee, with the permission of the court, before the judgment was vacated, cures the irregularity.

This action, originally brought in justice's court, was determined in favor of the defendant in error, plaintiff below, and appealed to the district court. By stipulation the pleadings before the justice were made the pleadings in the district court. The petition, involved in the following decision, was substantially as follows:

The said plaintiff, Perry C. Tuttle, complains of the said defendant, the City of Topeka, for that heretofore, to-wit: On the 27th day of July, A. D. 1867, the said defendant, being a duly incorporated city of the State of Kansas of the second class, and embracing within its limits the following public streets and highways, among others, to-wit: Fifth street, Van Buren and Jackson streets, negligently and carelessly left, for a long

time theretofore, the said Fifth street, between said Jackson and Van Buren streets, out of repair; and although often requested to repair the said street, so that the same might be safe for travelers, teams and carriages, failed, neglected and refused so to do; so that on the said 27th day of July, A. D. 1867, the said street was badly out of repair, and dangerous for travelers, teams and carriages; and the said plaintiff avers that on the said 27th day of July, in consequence of the neglect, carelessness and refusal of the defendant, without any want of care, fault, neglect, or carelessness of the plaintiff, while the said plaintiff was driving along the said highway, with two certain horses, harness and covered carriage, then owned by plaintiff, the horses each being of the value of $150 and the said carriage being of the value of $300; the said carriage was upset and struck upon the ground with great force; the said horses then and there, by the said neglect and carelessness of the defendant, became frightened and unmanageable, and ran away with the carriage and said plaintiff, and thereby crushed, broke in pieces and greatly damaged the said carriage; and thereby greatly damaged and injured the horses of the said plaintiff; and thereby the said plaintiff was thrown with great force from the said carriage to and upon the ground, stone and sidewalk, and was thereby greatly hurt, bruised and wounded, and became sick and lame, and remained so for the space of two weeks, and was during all that time unable to attend to his usual business; and was forced to expend $105, in and about, endeavoring to be cured of his said wounds and bruises, and, in and about, repairing his said carriage, so as aforesaid injured; and thereby lost the use of his said horses for the space of ten days, and the use of his said carriage for the space of two weeks, to his damage $265; and the plain-

tiff saith that, on the 13th day of August, A. D. 1867, he made out his said account, in due form of law, and duly presented the same to the said defendant for auditing and payment; but that the defendant wholly fails, neglects and refuses to pay the same; wherefore, the plaintiff prays judgment against the defendant for the sum of two hundred and sixty-five dollars, his damages, so as aforesaid, sustained.

In the district court a verdict was rendered for plaintiff, defendant in error. A motion was made for a new hearing and overruled.

Questions are raised on exceptions to this ruling of the court and on the introduction of evidence at the trial; the facts relating to which appear in the opinion of the court.

The following are the instructions involved in the case, with the manner in which they were disposed of:

"1. If the jury believe that the plaintiff knew of the bad condition of Fifth street in the city of Topeka, and drove into the ditch in question, he cannot recover." Given once substantially in No. 7.

" 2. If the jury believe from the testimony that the plaintiff through his own negligence or want of care, contributed to the accident, then the plaintiff cannot recover." This instruction was given.

" 3. If the jury find from the testimony that there was a natural ravine running across Fifth street, and that the plaintiff knowing this fact, drove his horses and carriage across said ditch or ravine, the law does not hold the defendant liable for any injuries in this case." Refused.

" 4. The defendants are only liable for damages arising from injuries occasioned by the erection of bridges or construction of streets in a careless or negligent man-

ner, and then only when the plaintiff has not by his own acts contributed to such injury." Refused.

"5. The defendant is not liable for any injury arising or caused by the plaintiff crossing a natural ravine or ditch, occasioned by the flowing of water across the street in question, if the plaintiff knew of the existence of such ravine or ditch, at or before the injuries complained of." Refused.

"6. If the jury find that on the 27th day of July last plaintiff knew the actual condition of the ravine or ditch running across Fifth street, and he attempted to pass or cross the same with his horses and carriage, and they were lost or injured, he can maintain no action against the defendant." Refused.

"7. If the jury believe from the testimony that on the 27th day of July last the plaintiff knew that there was a ravine or ditch running across Fifth street, and that it was not safe to cross, he drove his horses and carriage across the same, and was thereby injured, then he cannot recover against the city. In such cases the plaintiff takes the risk himself, and he cannot complain of the defendant." Given by the court.

"8. The jury are instructed that the city of Topeka was incorporated as a city of the 'second class' on the 23d day of February, 1867, and that no officers of said city so incorporated were or could be legally elected before the first Monday of April, 1867." Refused.

"9. That for the purpose of making a bridge or any other public improvement, it was necessary for the engineer to make estimates of the cost, advertisement for proposals published, and the contract awarded." Refused.

"10. That to provide the necessary bonds to pay for the same on such contract, it was necessary that the city

council should be instructed to issue said bonds and borrow money on the same by a majority of all the votes cast at an election held in said city for such purpose." Refused.

"11. If the jury believe, from the testimony and the law as given above, that the city could not, with reasonable diligence, after the first Monday in April, 1867, order estimates to be made, cause advertisements to be made for proposals to do the work, award the contract to do the same, call an election to receive the authority of a majority of the voters of said city to borrow the money to carry on said work, and complete the work before the 27th of July, 1867, they must find for the defendant." Refused.

"12. If the jury believe from the evidence that there was a passable crossing, generally used, immediately north of said crossing complained of, they must find for defendant." Refused.

"13. If the jury believe, from the preponderance of (evidence) testimony, either that the plaintiff or the public knew that the crossing was unsafe, they will find for the defendant." Refused.

"14. If the plaintiff was at all in fault in attempting to pass said crossing, the jury will find for defendant." Refused.

"15. If the jury believe that at the time of the alleged accident the plaintiff was not the *bona fide* owner of said horses and carriage, they will find for defendant." Refused.

"16. If the plaintiff is entitled to recover anything, the measure of his damages is the injury to himself, horses and carriage sustained at the precise place where the accident occurred, and at the precise time of the accident." Modified.

"17.  That the city of Topeka, as described in the petition, had no existence prior to February 23d, 1867." Refused.

The court gave the following charges:

" 2.  If the jury believe from the testimony that the plaintiff, through his own negligence or want of care, contributed to the accident, then the plaintiff cannot recover.

" 7.  If the jury believe from the testimony that on the 27th day of July last (that) the plaintiff knew that there was a ravine or ditch running across Fifth street, and that it was not safe to cross, he drove his horses and carriage across the same, and was thereby injured, then he cannot recover against the city.  In such cases the plaintiff takes the risk himself, and he cannot complain of the defendant."

And modified sixteen and gave it as modified.

"16.  If the plaintiff is entitled to recover anything, the measure of his damages is the injury to himself, horses and carriage, sustained by attempting to cross the alleged defective street, to which refusal and charge, No. 16 modified, the defendant at the time excepted."

The defendant asked the court to charge the jury as follows, which the court refused:

. "12.  If the jury believe from the evidence, that there was a passable crossing generally used immediately north of said crossing complained of, they must find for defendant;" which instruction the court refused to give the jury, to which refusal of the court the defendant at the time excepted.  Testimony was then given tending to show that, at the time of the alleged accident, the horses and carriage injured were mortgaged for more than they were worth, and that the mortgage was past due at the time the defendant was in possession of the property at

the accident.    Whereupon the defendant asked the court to instruct the jury.

"15.    If the jury believe that at the time of the alleged accident, the plaintiff was not the *bona fide* owner of said horses and carriage, they will find for defendant." Refused.

"16.    If the plaintiff is entitled to recover anything, the measure of his damages is the injury to himself, horses and carriage, sustained at the precise place where the accident occurred, and at the precise time of the accident." Which instruction the court refused to give to the jury; to which refusal of the court the defendant at the time excepted, but modified the said charge, and gave it as modified as follows:

"16.    If the plaintiff is entitled to receive anything, the measure of his damages is the injury to himself, horses and carriage, sustained by attempting to cross the alleged defective street."    The court then charged the jury:    "1. If the jury find from the preponderance of the evidence that the place where the alleged accident is charged to have occurred was a public street in the city of Topeka at the time of the alleged accident, and was prior to and at the time occupied and used by the said city and the public generally, as a public highway; that the said street was then defective; that the plaintiff sustained damage to either himself, horses, harness or carriage, in attempting to travel on said street which, with the exercise of usual and ordinary care and caution, could not have been prevented, then they will find for the plaintiff, otherwise the verdict must be for the defendant."

"2.    If the jury believe from the testimony, that the plaintiff, through his own negligence, or want of care, contributed to the accident, then the plaintiff cannot recover."

" 7.   If the jury believe, from the testimony, that on the 27th day of July last, the plaintiff knew that there was a ravine or ditch running across Fifth street, and that it was not safe to cross, he drove his horses and carriage across the same, and was thereby injured, then he cannot recover against the city.   In such cases the plaintiff takes the risk himself, and he cannot complain of the defendant."

" 16.   If the plaintiff is entitled to recover anything, the measure of his damages is the injury himself, horses and carriage sustained by attempting to cross the alleged defective street."

*A. H. & M. H. Case, for defendant in error,* submitted:

1.   The petition is sufficient.   *Civil Code, Comp. L.,* §§ 141, 148; *Nash,* 202–3.

2.   The instructions of the court are more favorable to Topeka than the law would warrant, and therefore she ought not to complain.   4 *Harris, Pa.,* 463; *Nash,* 203; 3 *O. St.,* 172; 4 *Zabriskie,* 824; 31 *Miss.,* 156.

If both parties were in default, yet Tuttle could recover, provided he used ordinary care.   16 *Conn.,* 420; 19 *Conn.,* 566; 2 *Barr, Pa.,* 114; *Sedgw. on Dam.,* 495–6–7.

3.   The law as to measure of damages.   *Sedgw.,* 485–6; 13 *How.,* 106; 4 *Sandf. Ch.,* 492; 5 *Duer,* 559; 6 *id.,* 363; 6 *id.,* 315.

4.   The instructions refused and modified and afterwards given, and those given otherwise by the court, were in accordance with the law presented by Topeka, and were correct, except as above stated, as being stronger for Topeka than the law of the case.

5.   There was no error in refusing to admit the rejected testimony.   The court, upon proper objection made, would reject evidence of a general law of the state,

unless there were material facts recited therein tending to prove some allegation of the defense. It was wholly immaterial when Topeka was incorporated under the new act, or when officers could be elected under such law, or as to estimates to be made by engineer, or notice of time to raise funds, or make improvements or repairs. The right of Tuttle to recover did not depend upon that act, or anything contained therein. The evidence in this case is not all in the record, as appears in the bill of exceptions. The plaintiff did not claim that Topeka was altogether liable on the act of 1867, but under her Leavenworth charter, as adopted in 1857–8. Her duty to repair and keep in repair was complete under her old charter, and the new charter, or incorporation of Topeka under the law of 1867 and its provisions or facts therein recited, did not, in any way, tend to mitigate her negli-gence, or tend to defeat the action of Tuttle. All the proposed evidence was based upon the theory that Topeka had not had time to repair since the act of 1867 took effect. This was no excuse, much less a defense.

6. The motion for new trial was properly overruled. The only objection to it should come from Tuttle, as all the proof showed his damages was two hundred and seventy dollars—no more or less.

7. The motion to vacate was properly overruled. The evidence · shows that the jury were paid the six dollars before the adjournment of the court upon the day of trial. Not paying before entering judgment, was not such an irregularity as would reverse the case. *See* § 148, *Civil Code.*

8. Defendant below could not, as a matter of right, *demand* special finding in this case. Section 287 of the code is to govern this proposition. This was an action for money only, and in the discretion of the jury, or else

it was in the discretion of the court to direct. The word
" may " in the section means no more than " may," and
in no sense should it be construed to mean " shall " or
"must." 1 *Kent's Com.*, [9 *Am. Ed.*, 525,] *Note A*.


*By the Court*, VALENTINE, J.


We are unable to perceive any error in this case suffi-
cient to reverse the judgment of the court below.

PLEADINGS: SUF-It is claimed that the original petition is
ficiency of Pe-
tition.   not sufficient, but why it is not sufficient we
are not informed. It seems to us that a petition that
states with circumstantial particularity that the city of
Topeka, an incorporated city of the second class, negli-
gently left one of its streets out of repair, by reason
whereof the plaintiff, without fault on his part, was in-
jured, states facts sufficient to constitute a good cause of
action.

It is also claimed that the court erred in ex-
EVIDENCE GEN-
eral Statutes. cluding certain evidence of the defendant be-
low. The defendant below desired to introduce the
general statutes of the state in evidence to prove to the
jury what the law was with reference to cities of the
second class; to prove to the jury when and how such
cities are organized; how they build bridges, repair
streets, etc., and the powers and duties generally of its
various officers, but the court rightfully excluded such
evidence; not because it was entirely irrelevant, but be-
cause the court must judicially take notice of what the
law is, without proof thereof.

ID: OFFICIAL   The defendant also desired to introduce *parol*
Acts of City
Council.   evidence of the official acts of the city council,
and the court also rightfully excluded this evidence, for

such is not the best evidence. The official acts of the city council can be proved only by the records of their proceedings, or otherwise as provided by statute. *See Subdivision 46, § 2, Article 3, Ch. 68, Laws of 1867, 121.*

TRIAL: INSTRUCtions to Jury.

It is also claimed that the court erred in refusing to give certain instructions to the jury, asked for by the defendant. Now, so far as we are able to judge from the pleadings and the partial statement of the evidence brought to this court, we do not think the court erred. Many of these instructions are simply repetitions of each other, couched in different language, and the most of them are substantially the same as those given by the court, and hence the court did not err in refusing them. A court is not bound to repeat instructions in the same or different language, nor to give the law more than once to the jury, just because it is asked to do so; nor is the court bound to give the instructions in the exact language of the party asking them, but it may give them in its own language if it chooses.

ID: DAMAGES.

The court properly refused to give instruction number fifteen. There was no evidence upon which to found it. The plaintiff was undoubtedly the owner of the horses and carriage and entitled to recover for injuries done to them, notwithstanding he had mortgaged them for more than they were worth, and the mortgage was then past due. But even if he did not own them, how that fact could preclude him from recovery for injuries done to himself, as this instruction requires, is not easily to be imagined.

The court also properly refused to give instruction number sixteen. It seems from the evidence that the injuries were not received at the place where the street was defective. At that place the horses sunk down into a mud hole, became frightened in consequence, and not-

withstanding the efforts of the plaintiff to hold them, ran away, and in another and different place injured themselves and carriage. It is, therefore, claimed that the plaintiff should not recover for such injuries; but we think that the fright of the horses, the running away, and the injuries, were the direct and natural result of the defective street, and that the injuries are not too remote for the plaintiff to recover. The court gave the proper instruction upon this question.

ID: SPECIAL Findings. The defendant asked the court to instruct the jury to find specially upon certain questions of fact. The court refused and the defendant excepted. Whether this ruling of the court is assigned for error may be doubted. It is not specifically assigned, but some of the general assignments may cover it. We would say, however, that we think the right of the court to direct the jury to find specially in cases of this kind is purely discretionary, and the refusal of the court to do so cannot be assigned for error. *Gen. Stat.*, 684, § 286; *C. C. & C. R. R. Co. v. Terry*, 8 O. St., 570, 586.

NEW TRIAL. We cannot see that the court erred in overruling the defendant's motion for a new trial. In the absence of a great portion of the evidence, it must be presumed that the verdict was sustained by sufficient evidence; or at least we can form no opinion whether the verdict was against the evidence or not. *Ins. Co. v. Duffey*, 2 *Kas.*, 348, 357.

The verdict is not contrary to law. We have already examined all the alleged errors of law occurring during the trial, and find none of them sufficient to set aside the verdict and grant a new trial. If the verdict was for a less amount than it should have been under the evidence, that is not an error of which the defendant can complain. We think the verdict, as well as the judgment founded

thereon, is for the proper party and against the proper party.

ID: JURY FEE. The entering of the judgment before the jury fee was paid, was, of course, an irregularity, [§ 18, *Gen. Stat.*, 483;] but how such irregularity can affect the substantial rights of the defendant we are unable to see, and hence it must be disregarded, [§ 140, *Gen. Stat.*, 655;] and besides, such irregularity is not an incurable one. The subsequent payment of the jury fee by the plaintiff, with the permission of the court, before the judgment was vacated, cured the irregularity.

The judgment of the court below is affirmed.

All the justices concurring.