RHODES ET AL. V. HUTCHINS.

1. Under Code, section 60, the claim after judgment that a complaint is insufficient can only be sustained on the ground that the facts contained therein, even if well stated, constitute no cause of action.
2. A complaint stating, in effect, that the defendants made and delivered a promissory note to plaintiff, setting forth a copy of the note, and the amount claimed thereon, with interest from a certain date; that no part of the same has been paid,— contains sufficient facts to sustain a judgment under Code, sections 80, 81.

*Appeal from County Court, Arapahoe County.*

THIS was an action by Hutchins against appellants upon a promissory note. The allegations of the complaint were as follows:

"*First.* That the amount involved in this action does not exceed the sum of $2,000.

"*Second.* That the defendants are indebted to the plaintiff on a certain promissory note, payable to the plaintiff or order, of which the following is a copy, with no credits or indorsements thereon; that the payee, by the name, style and description of S. A. Hutchins, mentioned in the promissory note herein set forth, and Samuel A. Hutchins, the plaintiff above named, are one and the same person.

"'$1.050.          DENVER, COLO., December 3, 1881.

"'One year after date, we or either of us promise to pay to the order of S. A. Hutchins, ten hundred and fifty dollars, at the Exchange Bank of Denver, Colorado, with interest at the rate of ten per cent. per annum, from date until paid; value received.

"'A. S. RHODES.          CONRAD FRICK.
"'J. H. LESTER.          ISAAC BRINKER.'
"'M. B. CARPENTER.

"*Third.* That there is due and owing the plaintiff from defendants on said note the sum of $1.050, and interest thereon from December 3, A. D. 1881.

"*Fourth.* That defendants have not yet paid the sum

of money above mentioned, or any part thereof, to said plaintiff.

"Whereupon the plaintiff asks judgment against these defendants for the sum of $1.050, with interest thereon, and the costs of suit."

The defendants answered to the same as follows: "The defendants, for answer to the complaint, say that they alone are not indebted to the plaintiff on a note or otherwise for the sum mentioned; that as to whether or not the copy of note in said complaint mentioned is a true copy of a note they signed, or whether or not S. A. Hutchins and Samuel A. Hutchins are one and the same person, these defendants have not and cannot obtain sufficient information or knowledge, save that in the complaint, upon which to base a belief, and on information and belief deny the same; that these defendants do not alone owe, nor is there due from them on said note, or any note alone, the sum of ten hundred or other dollars." Both were verified.

To which answer plaintiff filed a motion as follows: "And now comes the plaintiff, by Edward O. Wolcott, his attorney, and moves the court — *First*, that the answer of the defendants heretofore filed herein be stricken out, upon the ground that the same is sham and irrelevant; *second*, that the defendants' said answer be stricken out, upon the ground that the same is immaterial and insufficient; *third*, that the plaintiff have judgment upon the pleadings against the defendants for the amount demanded in this complaint; *fourth*, that the plaintiff have judgment against the defendants for the amount demanded in this complaint."

The same was duly heard; whereupon the court adjudged as follows: "It is considered by the court that the said motion be, and the same is hereby, granted, and that judgment be entered herein in favor of said plaintiff against said defendants in the sum of $1,257.08; wherefore it is ordered that the plaintiff have and recover, of

and from the said defendants, the sum of $1,257.08, together with his costs in this behalf incurred to be taxed; and that execution issue therefor." Defendants excepted, and bring the case here on appeal.

The errors assigned are as follows: "(1) The court erred in sustaining the motion and striking the answer. from the files. (2) The court erred in rendering judgment for appellee. (3) The court erred in striking the answer, and rendering judgment for appellee, because the complaint did not state facts sufficient to constitute a cause of action. (4) The complaint was made up of conclusions of law, and stated no facts, and not sufficient to constitute a cause of action." The errors assigned as to the sufficiency of the complaint are the only errors argued and relied upon by counsel for appellants.

Mr. M. B. CARPENTER, for appellants.

Mr. E. O. WOLCOTT, for appellee.

STALLCUP, C.   Section 65 of our code provides for striking sham answers.   The action of the court, on motion of plaintiff to strike the answer and give judgment on the pleadings, was in effect to adjudge that the same was a sham answer, and that, upon the pleadings, the plaintiff was entitled to judgment.   It seems to be conceded in the argument of counsel here that the answer was a sham answer, but it is contended on the part of appellants that the complaint was insufficient to support the judgment, and for that reason the judgment should be reversed.   The omission of Lester in the action was warranted by section 14 of the code.   The court was not asked to require the complaint reformed or improved in its structure.   The assignment of its insufficiency after judgment can only be sustained on the ground that the facts contained therein, even if well stated, constitute no cause of action.   Sec. 60, Code; *Bethel v. Woodworth,* 11 Ohio St. 396.

In effect, it is stated in plaintiff's complaint that defendants made and delivered ¦to plaintiff their certain written promise, by the terms of which there is due and owing to him from defendants the sum of $1,050, and interest thereon from the 3d day of December, 1881, and that such sum remains unpaid. A copy of said promise or promissory note is set out in the complaint, by which it is shown that defendants did so promise, and that the said sum is accordingly due to plaintiff thereon from the said defendants; and it is stated to be a true copy; and then it is stated that no part of the same has been paid. So, under the liberal construction *required* by our code, we feel bound to hold that the complaint does contain facts sufficient to sustain the judgment. Secs. 80, 81, Code.

The judgment should be affirmed.

We concur: MACON, C.; RISING, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment below is affirmed.

*Affirmed.*