LITTLE V. DOUGHERTY.

1. Defendant sent a telegram to plaintiff saying: "Will you accept [employment] on two years' guaranty at $1,400?" Plaintiff answered by telegram saying that he accepted, and would be on hand to commence work January 10th. Defendant sent a telegram in response saying: "I will accept you January 10th." *Held*, that the contract of hiring for two years was reduced to writing, and signed, so as to take it out of the statute of frauds.

2. Plaintiff alleged that he was wrongfully discharged by defendant. This defendant denied; and the parties, without objection to the state of the pleadings, went to trial. *Held* error for the court to exclude testimony showing misconduct of plaintiff in his employment a month prior to discharge.

*Appeal from Superior Court of Denver.*

Mr. L. B. FRANCE, for appellant.

Mr. C. S. WILSON, for appellee.

STALLCUP, C.  The appellee was plaintiff below.  His action was for damages for breach of contract.  He had entered into a contract with appellant to serve him in his jewelry business in Denver two years for $1,400 per year. Commencing January 10th, he remained in the service in the store until June 16th following, when he was transferred to that of traveling salesman, where he served till in July, when he was discharged.  The case was tried before a referee by consent.  Upon his report judgment was entered for $900 for appellee.  Upon the record here, two questions are presented for our consideration.

*First.*  For appellant it is urged here that the contract of hiring was not in writing, and therefore void under our statute of frauds.  From the evidence it appears that on December 14, 1882, appellant sent from Denver to appellee, at Philadelphia, Pa., a letter asking him at what salary he would come and work for him one year, commencing January 1, 1883, and requesting answer by tele-

gram; that appellee answered the same by letter and telegram, stating that he would come for $1,500. Appellee also received a telegram of date December 19th from appellant, stating he would give $1,200 for one year. No answer was made to this telegram. Afterwards appellee received another telegram from appellant, saying: "Will you accept on two years' guaranty at $1,400?" This was answered by appellee by telegram, saying he accepted, and would be on hand to commence January 10th; to which he received another, dated December 27th, stating: "I will accept you January 10th. Bring all the pointers possible." Appellee kept no copies of his letters and telegrams sent to appellant, but produced those received by him. Those sent by appellee were not produced, though appellant had been duly notified to produce the same. We think the contract was, by means of the said telegrams and letters, reduced to writing, and signed by the parties, in compliance with the statute, so as to constitute a valid contract. *Trevor v. Wood*, 36 N. Y. 307.

The *second* question goes to the pleadings, and arises upon the rejection of certain evidence offered upon the trial by appellant. The chief controversy in the case was as to whether the discharge of appellee by appellant from his service before the expiration of the term for which he had employed him was wrongful or not. That he had discharged him before the expiration of the term of his employment was evident. The contract of employment was general in its terms, and did not limit the service thereunder to any branch of appellee's business. The court below held that the original contract continued after the transfer of appellee from the service in the store to the service as traveling salesman. There was evidence sufficient to warrant such holding. The cause of action was not definitely stated in the complaint. It was alleged therein " that the defendant on said 16th day of July, 1883, wrongfully discharged plaintiff." It was

also, in effect, alleged that plaintiff was at the date of discharge ready and willing, and ever since has been ready and willing; and then offered, and has since offered, to continue in the service and to perform the agreement. The appellant made no objection to this feature of the complaint, but answered thereto, and, to the breach of contract so alleged, denied that he wrongfully discharged said plaintiff. Appellee made no objection to the answer, but replied to certain allegations thereof. The indefinite character of the issue in this regard was thereby waived by the parties. And plaintiff could not, after the admission of proofs tending to show compliance with the contract on his part, challenge defendant's evidence of non-compliance therewith. *Trustees, etc. v. Odlin*, 8 Ohio St. 293; *Marley v. Smith*, 4 Kan. 187; *Stevens v. Thompson*, 5 Kan. 311. Therefore the evidence offered to show appellee's misconduct while serving in the store was competent, and the rejection thereof was error. Appellee's right of recovery rested upon the alleged wrongful discharge, which appellant might defeat by showing a failure upon the part of appellee in the performance of his duties under the employment sufficient to constitute a justification for the discharge. The fact that the evidence in question related to misconduct a month prior to the discharge, and prior to the change in the service, did not render it incompetent. Appellant's final action may have been the result of appellee's long-continued misconduct. The judgment should be reversed.

DE FRANCE, C., concurs.

RISING, C. I concur in the reversal for the reasons given in the foregoing opinion, and the further reason that the rule of damages adopted by the referee is erroneous.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded for a new trial.                    *Reversed.*