## LIMBERG v. HIGENBOTHAM ET AL.

1. In an action for mesne profits plaintiff declared on the common count for money had and received. Defendants answered, denying the allegations made in the complaint, and averring that they were informed that the action was for mesne profits of certain real estate, and setting up a defense thereto. *Held*, that the defect in plaintiff's complaint in not setting out the facts constituting his cause of action was cured by defendants' answer.

2. In an action for mesne profits it is error to exclude evidence to show the amount of rents received by defendants upon the ground that such rents include the use of improvements erected by defendants.

3. Under Code, section 3, requiring actions to be brought in the name of the real party in interest, an action may be maintained by a purchaser against trespassers for mesne profits accruing, pending ejectment by his grantor, after his purchase, and before delivery of seisin.

4. The recovery of nominal damages in an action of ejectment is no bar to an action for mesne profits.

*Error to District Court of Lake County.*

THE object of this action was to recover from the defendants, Higenbotham & Barnes, mesne profits received by them from tenants who occupied a portion of lots 1 and 2 of the Leadville Improvement Company's addition to the city of Leadville, pending action by said company for possession. The defendants to that action originally were De Lay, Cottrell, Mallan & Franklin. The suit was afterwards dismissed as to Cottrell, and prosecuted to final judgment against the other defendants. The plaintiff in that action, the Leadville Improvement Company, sold and conveyed the property mentioned to Charles T. Limberg, the plaintiff in the present action, on February 20, 1879, and, in order to deliver possession to the purchaser, brought suit in the court below against the parties then in possession, on April 26th following. These defendants, Higenbotham and Barnes, were not parties to that suit, they having entered into possession under the defendants therein, or some of them, pending the suit. They are charged in the present action with having collected and received from tenants in possession a large amount of rents and profits. Judgment was rendered in the ejectment suit in the court below, April 12, 1882, and final judgment, upon appeal in this court, December 4, 1883. A writ of possession was issued and executed, by putting the plaintiff in that suit into possession of the premises, on December 5, 1883, and the present action for mesne profits was brought on the day last mentioned.

Messrs. C. H. WENTZEL and F. W. OWENS, for plaintiff in error.

Messrs. ROGERS and McCORD and E. M. HURLBUT, for defendants in error.

BECK, C. J. The controlling question in the present case arises upon the pleadings. If they can be held sufficient to constitute a triable issue, and to sustain an ac-

tion for the recovery of mesne profits of land, the court erred in excluding the evidence offered by the plaintiff on the trial tending to prove the amount of damages sustained, and likewise in nonsuiting the plaintiff. The code of procedure requires the complaint to contain a statement of the facts which constitute the cause of action. This the complaint in the present case failed to do. That it was insufficient, therefore, in itself admits of no discussion. It was simply the "common count for money had and received by the defendants to and for the use of the plaintiff," the only facts stated being the amount alleged to have been so received, viz., $22,225, and that the defendants received said sum at the county of Lake between the 1st day of January, 1879, and the 4th day of December, 1883. The complaint did not inform the defendants from whom they were charged with receiving this money, on what account it had been received, or how the plaintiff became entitled to any money received by them within the dates mentioned in the complaint. But instead of taking advantage of the defect by demurrer, or motion to have the complaint made more specific, as they might have done, the defendants answered it, denying the allegations made therein, and adding the following averments: "That they have been informed that said action was intended to be an action against these defendants for mesne profits for certain real estate, and defendants allege that they have a full and complete defense to any such action. * * * And defendants further allege that any interest in or title to said premises which plaintiff has was acquired by him since the 1st day of December, A. D. 1883." It was further alleged in the answer that any cause of action which the plaintiff could have maintained against the defendants had been adjudicated and determined before the commencement of this suit as between the parties thereto and their predecessors in interest. The answer also contains the following allegations: "And these defendants further allege

that there is a non-joinder of parties defendant in this action; and further allege that there is a misjoinder of parties to this action." To this answer the plaintiff replied, denying the misjoinder and non-joinder of parties; denying that the matters in controversy were *res adjudicata*, and that the property referred to was acquired by the plaintiff since December 1, 1883; and alleging that the title to the property had been in the plaintiff since the time mentioned in the complaint.

The complaint and answer are certainly very informal. They violate all rules of pleading, and, considered separately, neither could be sustained against the objections that might have been interposed. Both signally fail to observe the primary rule of code pleading, viz., that the facts constituting the cause of action must be set forth. But, as far as the parties were able to do so, all objections were waived. While the plaintiff failed on his part to inform the defendants under what circumstances they became indebted to him, or how he became entitled to any money received by them within the period mentioned in his complaint, the defendants appear to have supplied the defect in and by their answer. By it they say substantially: "We know the nature of your claim and the account on which it is founded. Your claim is for mesne profits received by us from the rents of certain lands claimed by you, but we have a complete defense to your action. Your title to the land was not acquired within the dates mentioned in your complaint, within which you charge us with having received rents, and if you had a right of action against us on account of such rents or otherwise, it was fully adjudicated before the commencement of this action, both as to the parties to this suit and as to their predecessors in interest. And, further, you cannot maintain this action in any event, for you have not joined the necessary parties as defendants, and some of the parties joined are not parties in interest; wherefore we pray judgment." It will be ob-

served the answer concedes the cause of action, but, while it assumes to set up several defenses thereto, does not set out the facts constituting any one of them, save as to the negative allegation that the plaintiff did not acquire his title until after the expiration of the period within which the defendants are charged with the receipt of rents. How the plaintiff's claim had been adjudicated, or when, or in what action, or what court, is not stated; and as to the non-joinder of defendants and misjoinder of parties, not a single fact indicating who should have been joined and who omitted is stated. The plaintiff in turn, by his replication, accepts the issues as tendered by the defendants in their answer, merely denying the allegations of new matter, and averring "that the title to said property has been in the plaintiff since the time referred to and mentioned in the complaint herein."

Informal, therefore, as the pleadings are, we are of opinion that, taken together, they present a triable issue, viz., whether the defendants, within the dates mentioned in the complaint, are chargeable with the receipts of mesne profits of land then owned by the plaintiff. It has been frequently held that substantial issues may be presented by the answer, and that a complaint so defective as to fail to state a cause of action may be supplemented by the statement of material facts in the answer, and the defect be thus cured. Pom. Rem. § 579; Bliss, Code Pl. § 437. "When the defendant chooses to understand the plaintiff's count to contain all the facts essential to his liability, and in his plea sets out as an answer those which have been omitted in the count, so that the parties go to trial upon a full knowledge of the charge, and the record contains enough to show the court that all the material facts were in issue, the defendant shall not tread back and trip up the heels of the plaintiff on a defect which he would seem thus purposely to have omitted to notice in the outset of the controversy." *Slack v. Lyon,* 9 Pick. 62.

Upon the trial of this action the court, upon the objection of counsel for defendants, excluded all evidence tending to show the amount of rents received by the defendants, upon the ground that they included the use of improvements erected by the defendants. This was clearly error. If the defendants were entitled to any set-off or defense by reason of improvements placed upon the land by them, it was not available on this trial, for the reason that no such defense was interposed in their answer, or otherwise. Code, §§ 64, 260; Tyler, Ej. 844. It was error, in any event, to exclude evidence upon such ground, since it was a matter of defense what proportion of the rents accrued from the improvements. It follows, as a necessary sequence, that it was error to render the judgment of nonsuit. The grounds assigned by defendants in their motion for nonsuit are still relied upon as sufficient to sustain the action of the court. They are: "*First.* That the proof introduced did not sustain the allegations of the complaint." This was not the plaintiff's fault, since proper evidence offered by him in support of the issue joined was excluded by the court, on the motion of the defendants. " *Second.* Because, in the action for mesne profits, no one but the plaintiff in the original ejectment suit is entitled to bring such action, and that this plaintiff is bound by the record." This and other objections, for want of proper parties, are all groundless. The code (section 3) requires all actions to be prosecuted in the name of the real party in interest; and while it may be proper for a vendor of land to bring suit against the disseizor, in order that he may be able to deliver possession to the purchaser, yet, after the recovery in such action, it is entirely proper for the purchaser to sue in his own name for the rents and profits which accrued pending the former action. He is the real party in interest. Tyler, Ej. 839, 840; Sedg. & W. Tr. Title Land, § 656. The authorities are equally clear that the action, for mesne profits is not confined to the same parties defend-

ants who were defendants in the ejectment suit; but when the action is successful it may be brought and maintained against the landlord of the party who was in possession, against any one who was in receipt of rents and profits, a third person to whom possession was given by the defendant pending suit, or against any trespasser. One going into possession under the defendant in eject- ment is held to be a privy, and bound by the record. *Doe v. Whitcomb,* 8 Bing. 46; *Jackson v. Stone,* 13 Johns. 447; *Chirac v. Reinicker,* 11 Wheat. 280; Sedg. & W. Tr. Title Land, § 658.

"*Third.* Because the evidence shows that the matter is *res adjudicata.*" This proposition is evidently based upon the fact disclosed by the record in the ejectment suit, introduced upon the trial of this cause, that the plaintiff recovered one cent damages in that action. That was the recovery of nominal damages merely, and the rule is that such a recovery in ejectment does not bar an action for mesne profits. Id. § 662. The code authorizes an action for mesne profits upon a recovery in ejectment. Sec. 274.

For the errors mentioned the judgment must be re- versed and the cause remanded for new trial, with leave to the parties to amend their pleadings.

*Reversed.*