BUSHNELL ET AL. v. CROOKE MINING & SMELTING CO.

1. ADVERSE MINING CLAIMS — PLEADING — TRIAL.— Where, in a suit for the possession of a mining claim, the petition alleges that plaintiff is the owner and in possession of the property, and claiming the right to the same, and defendants' answer denies the same,

any insufficiency of the allegations as to possession is waived, though Code, section 269, provides that in such actions it shall be stated in the complaint that plaintiff is entitled to possession.

2. In such case, a verdict that plaintiff is the owner of and entitled to possession of the land in controversy is responsive to the pleadings.

3. Where, in the judgment rendered on such verdict, the premises specifically described in the complaint are not so described in the judgment, the supreme court may direct the court below to enter a correct judgment.

4. ORDER OF PROOFS — DIRECTION OF COURT.— In the trial of an adverse mining suit it is not error for the court to decline to direct counsel for the defendant as to the order in which he should produce certain of his proofs.

5. HYPOTHETICAL INSTRUCTIONS.— A hypothetical instruction which announces a correct legal proposition, and is based on the evidence before the jury, is not liable to the objection that it assumes a fact in dispute.

*Appeal from District Court of Hinsdale County.*

Messrs. J. W. MILLS and L. S. DIXON, for appellants.

Messrs. PATTERSON & THOMAS, for appellee.

STALLCUP, C.   The appellants were the owners of the Monitor lode mining claim, and the appellee, a corporation, was the owner of the Annie lode mining claim. Appellants had applied for a patent, and this action was commenced January 10, 1880, by appellee in support of an adverse claim to a portion of the premises intersected by the exterior lines of the Monitor claim.   The location of the Monitor was prior to that of the Annie.   It was contended by appellee that they were two distinct and separate lodes, and that the Monitor lode had departed from the side lines of the Monitor claim as located before reaching the premises in dispute.   The appellants claimed that the Monitor lode kept within the side lines of the Monitor claim as located, and was the identical lode upon which the Annie discovery was made and the discovery shaft sunk, and that the said shaft was within the said side lines of the Monitor claim.   Evidence was adduced

tending to sustain these respective positions, but the jury found for the appellee, the court gave judgment accordingly, and the case is here on appeal.

1. In the complaint filed by appellee it is alleged that it is a corporation duly authorized, etc., the owner of the Annie lode mining claim, in the actual occupation and possession thereof, and that it claims the right to occupy and possess the same by virtue of conveyance thereof from certain parties who had duly discovered and located the same, and had acquired the right to occupy and possess the same by virtue of discovery and location; that on the 1st day of September, 1879, the defendants wrongfully entered upon, and ever since hitherto have wrongfully withheld possession of, that certain portion of the Annie lode claim specifically described; and that the action is in support of an adverse claim.

In the answer of the appellants to said complaint specific denials are made to the allegations thereof, denying the plaintiff's right to occupy and possess the said Annie lode, by reason of the conveyance set up, or by any other reason, or through any other means.

By section 269 of the code it is provided that, in actions for the possession of real-estate premises, it shall be stated in the complaint that the plaintiff is entitled to the possession of the premises. It will be seen that the complaint in this action does not contain such statement specifically made. After the answer and upon the trial, the appellants first made objection to the complaint on this account by objecting to the introduction of any evidence. The court denied this objection, and the questions are now presented, was there error in such denial, and is the complaint sufficient to sustain a judgment in this case?

It will be seen by the said allegations of the complaint that it was stated in an indefinite way that the plaintiff was entitled to the possession of the premises, and, as appears from said denial in the answer, the statement in

this regard was accepted as sufficiently definite and specific, and was accordingly specifically denied in the answer.

The indefinite character of the complaint in this regard was thereby waived. *Little v. Dougherty*, 11 Colo. 103.

The essential facts are shown by the allegations of the complaint, and, after answer denying the same, it is immaterial whether or not they were well stated in the complaint. *Hughes v. Brewer*, 7 Colo. 583; *Rhodes v. Hutchins*, 10 Colo. 258. These adverse proceedings are to determine adverse claims, and are incidental to the acquisition of the title to mining claims from the general government. Whatever defect there is in the complaint, in not specifically alleging right to possession, was supplied and cured by the denials and allegations of the answer. *Haggard v. Wallen*, 6 Neb. 271; *Shartle v. Minneapolis*, 17 Minn. 308 (Gil. 284); *Insurance Co. v. Kelly*, 24 Ohio St. 345; *De La Mar v. Hurd*, 4 Colo. 442. The ruling of the court was right and the complaint is sufficient.

2. The verdict was as follows: "We, the jury, find the issues joined for the plaintiff, and that it is the owner of, and entitled to the possession of, the ground described in the complaint." It is objected here that the verdict goes beyond the issues, in that it finds the plaintiff entitled to possession. As we have seen, the verdict was responsive to the issues tried and submitted, and sufficiently presented by the complaint and answer. The verdict established the plaintiff's title by declaring it to be the owner of the premises in controversy, and hence it is not obnoxious to the objections mentioned in former opinions of this court. *McGinnis v. Egbert*, 8 Colo. 54, 55; *Becker v. Pugh*, 9 Colo. 589; *Manning v. Strehlow*, 11 Colo. 451.

3. Judgment was entered upon the verdict as follows: "This cause coming on to be heard upon defendants' motion to set aside the verdict of the jury hereinbefore

recorded, and for a new trial of said cause, the court, being fully advised in the premises, overrules the said motion, and orders that judgment be entered herein in accordance with said verdict. It is therefore ordered by the court that the said plaintiff is the owner and entitled to the possession of the Annie lode mining claim, one thousand five hundred feet in length and three hundred feet in width, situate in the Galena mining district, in the county of Hinsdale and state of Colorado."

It is objected to this judgment that it is not according to the verdict, in that the premises specifically described in the complaint are not so described in the judgment, and not, accordingly, limited to the premises in controversy as described in the complaint. This was an erroneous entry of the judgment and not according to the verdict and order of the court, as the appellee was entitled thereupon to have it entered. Such error may be corrected by direction of this court. The entry thereof should have been as follows:

"It is therefore considered by the court that the said plaintiff is the owner and entitled to the possession of the premises described in the complaint of the plaintiff herein, viz.: 'That portion of the Annie lode mining claim situate in Galena mining district, county of Hinsdale, Colorado, bounded and described as follows: Beginning at the northwest corner [it being corner No. 5] of the Monitor claim, running thence south, 13° 25' west, 341 5-10 feet; thence south, 60° 27' west, 408 5-10 feet; thence south, 48° 08' west, 463 5-10 feet; thence south, 34° 20' west, 99 6-10 feet; thence south, 55° 40' east, 112 8-10 feet, to the west side line of the Ule lode [being survey plat No. 147a]; thence north, 51° 35' east, 91 6-10 feet, to the corner No. 9 of said Ule lode; thence north, 69° 40' east, 237 feet, to corner No. 8 of said Ule lode; thence north, 68° 56' east, 40 8-10 feet; thence north, 34° 20' east, 887 1-10 feet to the northeast end line of the said Monitor claim; thence north, 41° 31' west, 135 1-10

feet, to the place of beginning,'—together with the costs
by plaintiff laid out and expended, and that plaintiff may
have execution therefor."

4. Upon the trial of the case the appellee adduced evidence tending to show the discovery, location and conveyance of the Annie lode, and the course thereof, with
reference to the side lines of the Annie and Monitor, and
to repel the inference that the Monitor lode was identical
with the Annie lode, but made no attempt to show the
course of the Monitor lode with reference to the side
lines of the location thereof until on rebuttal, when evidence was adduced tending to show that the Monitor
lode departed from the side lines thereof before reaching
that part of the location containing the premises in dispute, and that no right to the premises in dispute was
acquired by the discovery and location of the said Monitor lode.

Upon the defense the appellant went forward and adduced evidence tending to show that the Monitor lode,
upon which discovery was made and discovery shaft
sunk, ran within the side lines of the Monitor claim, as
located, across the side line of the Annie into the lode
claimed as the Annie, and that it was in reality identically the same lode.  Before going into this branch of
their evidence they asked the court to say if they were
required to do so in the premises.  The court answered
as follows: "You may pursue your own course.  The
court rules upon just such questions as are properly presented for its decision, and not in advance of the time
they are presented."

The appellants now complain that by going into this
branch of the case in their defense they unnecessarily
took the burden thereof, and that the court erred in not
directing them in the premises.  It is difficult to see how
error could be assigned upon such premises.  The appellee, in making its case, adduced evidence tending to show
that the Annie lode took a course and direction, not to the

Monitor discovery shaft, but within the side lines of the Annie location, passing the Monitor discovery shaft at a distance of over two hundred feet therefrom, and probably assumed this was sufficient to overthrow the inference that the Monitor lode remained within its side lines down to or through the premises in dispute, and rested without further evidence upon this branch of the case. The appellants proceeded to this branch of the controversy in their defense, and adduced evidence tending to show a lode extending from the Monitor discovery shaft down into the Annie claim, and from that point to the Annie discovery shaft.

Upon the rebuttal the appellee adduced evidence tending to show that the said lode, which was claimed as the Monitor lode, extending down into the Annie lode, was a distinct and separate lode, and not identical with either the Monitor or Annie, and by name the "Enterprise Lode;" that it crossed both the Monitor and the Annie, and that at the point where it came in contact with the Annie lode it did not stop or lose itself in the Annie lode, but continued directly through, across and beyond the Annie lode; that the Monitor lode, upon which the Monitor discovery shaft was sunk, took a course passing beyond the side lines of the Monitor location upon the side furthest from the Annie lode, and before reaching that part of the Monitor location containing the premises in dispute. In this request for directions there was no question presented to the court requiring an order or decision, and the court made none in the premises. Whether the appellants unnecessarily entered into this branch of the case upon their defense or not is not a question properly in the case. There was no error in the action of the court thereon.

The controlling issue in the case, we think, was fully understood by the jury, and was clearly stated by the court in the ninth instruction, viz.: "The principal point in the controversy is, upon what vein was the Monitor

claim located, or what is the course of said vein? The
defendants allege and seek to prove that the location was
made upon a vein which runs from the discovery shaft
of the Monitor across and towards the vein upon which
the Annie claim was located, while the plaintiff asserts
and seeks to prove that the location was made upon a
vein which runs from the Monitor shaft down and nearly
parallel with the Annie lode, and which empties into or
connects with the Ule lode. This is the principal point
in controversy, and to determine which claim is best sup-
ported by testimony and reason is the province and duty
of the jury."

Instruction No. 13 was as follows: "If the jury believe
from the evidence that the vein which runs across from
below the Monitor discovery shaft towards the vein upon
which the Annie discovery shaft is sunk, and which the
defendants claim is a part of the Monitor vein, crosses
and continues beyond the vein upon which the Monitor
discovery shaft is sunk and into and beyond the Enter-
prise shaft, then the vein is not the Monitor vein and the
location is not made upon it; and if the Annie lode is
more than one hundred and fifty feet distant from the
true Monitor vein in its course through the several claims
the defendant cannot recover."

It is urged by counsel for appellants, with much force
and confidence, that this instruction No. 13 is erroneous,
in that the court thereby assumes the existence of a fact
in dispute, namely, that the Monitor lode continues
across another lode called the "Enterprise Lode." The
map used at the trial shows that the Monitor and Annie
lodes, as claimed by appellee, run parallel with each
other, being from one hundred and fifty-five to two hun-
dred and forty-three feet apart; that the Annie lode lies
to the west from the Monitor; that they are on the side
of a mountain which slopes southwesterly; that the dis-
covery shaft of the Annie is down the mountain some
four hundred feet further than the discovery shaft of the

Monitor. On this map is also shown what is called the "Enterprise lode," with a discovery shaft about thirty-five feet easterly from the Monitor discovery shaft, and is claimed by appellee to be a lode running down from the discovery shaft southwesterly across towards the Annie and in the direction of the Annie discovery shaft, crossing what is claimed by appellee to be the Monitor lode about sixty feet below the Monitor shaft; so that the lines on the map, representing what appellee claims to be the Monitor and Enterprise lodes, cross each other, showing at the place of crossing a figure something like the letter X. At the top of the right upper horn of the figure is where the discovery shaft of the Enterprise appears, and at the top of the left upper horn of the figure is where the discovery shaft of the Monitor appears. As to the lode or lodes represented by the two right horns of the figure, there was conflicting evidence as to the existence of any lode there, and that there was nothing of the lode character there as claimed by appellants and testified to by appellants' witnesses, while the contrary was claimed by appellee and testified to by appellee's witnesses. As to the lode or lodes represented by the two left horns of the figure, there was no dispute as to the lode character thereof, both parties conceding and maintaining the same; appellants claiming that the same was the Monitor lode and that there was no other lode there, except, possibly, a branch or spur extending up towards the discovery shaft of the Enterprise, and appellee claiming that there were two lodes there, viz., the Monitor and the Enterprise, and that they crossed each other there as indicated by the figure.

Now, looking to the said instruction complained of, it will be seen that thereby the court assumes the existence of a lode "across from below the Monitor discovery shaft, running towards the Annie." It will also be seen that the lode indicated by the lower horn to the left side of the figure is what the court refers to by the language

used. The instruction leaves two questions with the jury: *First.* Does this lode "across from below the Monitor discovery shaft, running towards the Annie," extend up to and beyond the said Enterprise discovery shaft? *Second.* Does it cross the Monitor lode in its course? In other words equivalent thereto, does the Monitor lode cross it?

While the existence of the Monitor lode is assumed by the court in this instruction, it must be apparent that its course or continuation across this lode is not assumed; nor is it assumed that this lode is not the continuation of the Monitor lode.

In view of the clear statement and presentation of the issue in this regard, shown by the said instruction No. 9 and by the map referred to, we think this instruction 13 is clear of error, and that there is nothing in the record to warrant a reversal of the judgment given; that it should be vacated, and the case remanded with direction to enter judgment according to the views herein expressed.

RISING and DE FRANCE, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is vacated and the cause remanded, with directions that a judgment be entered in accordance with the views expressed.

*Reversed.*