## No. 11,489.

### SCHNEIDER *v.* CROSS.

Decided July 6, 1926. Rehearing denied September 27, 1926.

Action in injunction.   Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1.  EASEMENT—*Statute of Frauds.*  Easement for connection with and use of a drain ditch of another, held not within the statute of frauds by reason of full performance for 17 years.

2.      *Servient Estate.*  Easement for drain ditch across the land of another runs against the servient estate.

3.      *Notice.*  Notice to the purchaser of the servient estate that the land is burdened with an easement, is necessary.

4.  PLEADING—*Defective Complaint—Cured by Answer.*  Denial of a fact not theretofore alleged, and treatment of that as an issue, cures failure to allege the fact.

5.  EASEMENT—*Notice—Finding.*  In an action involving an easement for a drain ditch, a specific finding of notice by the trial court, is equivalent to aider by verdict.

6.   *Notice—Subsequent Purchaser.* A plaintiff claiming a right in real property under an unrecorded instrument, must allege and prove notice to a subsequent purchaser, defendant.

7.   APPEAL AND ERROR—*Findings.* Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

8.   EASEMENT—*Notice.* On the question of notice of an easement, the purchaser of land finding the drain ditch of another connected with that on the land purchased, held put upon inquiry as to the whole situation.

9.   JUDGMENT—*Maintenance of Ditch.* In an action involving an easement for a drain ditch, a decree that each party should maintain the portion on his own land, upheld.

*Error to the District Court of Larimer County, Hon. Robert G. Smith, Judge.*

Mr. JOHN H. SIMPSON, for plaintiff in error.

Mr. AB H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CROSS was plaintiff below and obtained a permanent injunction restraining defendant Schneider from interfering with the connection of Cross's drain with that of Schneider. Schneider moves for a supersedeas.

His first point is that the complaint states no cause of action. It alleges in substance that plaintiff owned 320 acres north of the Loveland-Greeley road, and defendant owned 160 acres south thereof; that in 1899 plaintiff made an oral agreement with one Ryan, who then owned the said 160, to build an underground drain to drain both farms; that Ryan was to construct the drain from the middle of the road southward through his

land to a point beyond where the Great Western Railway tracks now cross defendant's land to a point on the east side of defendant's land. That plaintiff was to construct a drain from the middle of the road northward so as to make one complete drain; that each party was to build his part at his own expense and maintain and repair it. That Ryan's executors completed his part, and, in 1901, plaintiff completed his part and has ever since maintained it; that Ryan's successive assigns have maintained the lower part until Schneider, having purchased the 160 in 1918, built in 1919 a new drain of tile, instead of the old one which was of wood, in the same general situation as the old one and connected the two. That plaintiff then laid a new drain of tile and sought to connect it with the upper end of defendant's tile but defendant refused. That the old drain is worn out and unless he has connection with defendant's new drain, plaintiff's land will become worthless; that defendant's tile drain is large enough to drain both farms.

To maintain this action plaintiff must maintain two propositions of law: (1) that the transaction between Cross and Ryan is not within the statute of frauds; (2) that it runs with the land; and one of fact, i. e., that Schneider had notice of it when he purchased. *Everett v. Todd,* 19 Colo. 322, 35 Pac. 544.

As to the first we think the matter escapes the statute by part performance, i. e., full performance for seventeen years. *Arthur Irr. Co. v. Strayer,* 50 Colo. 371, 115 Pac. 724; *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039; *Shaw v. Proffitt,* 57 Or. 192, 109 Pac. 584, 110 Pac. 1092, Ann. Cas. 1913A, 63.

As to the second, such easements always run against the servient estate. 19 C. J. 939; *Schwab v. Smuggler, etc., Co.,* 174 Fed. 305, 311, 98 C. C. A. 160.

As to the third, however, the notice to the purchaser of the servient estate is necessary (19 C. J. 940; *Blake v. Boye,* 38 Colo. 55, 88 Pac. 470, 8 L. R. A. [N. S.] 418), and is not alleged; but the answer denies notice, and the

issue of notice was tried. We cannot, therefore, reverse the case for this error, if it is an error, in the complaint (*Little v. Dougherty,* 11 Colo. 103, 17 Pac. 292; *Salazar v. Taylor,* 18 Colo. 538, 33 Pac. 369; *Limberg v. Higenbotham,* 11 Colo. 156, 17 Pac. 481; *Bushnell v. Crooke M. & S. Co.,* 12 Colo. 247, 249, 250, 29 Pac. 231); that is, a denial of a material fact not theretofore alleged, and a treatment of that as an issue, cures the failure to allege the fact. In this case, moreover, after much evidence on the point of notice, there was a specific finding of notice which we think is equivalent to aider by verdict. The complaint, therefore, must be held good against demurrer. In the discussion of this point we have followed *Everett v. Todd, supra,* to the effect that a plaintiff claiming under an unrecorded instrument must prove, and so of course allege, notice to a subsequent purchaser, defendant, and have ignored *Bassick, etc., Co. v. Davis,* 11 Colo. 130, 17 Pac. 294, which holds that such a plaintiff need not so plead, but that the defendant must plead the facts showing him to be a bona fide innocent purchaser. The case of *Allen v. Blanche, etc., Co.,* 46 Colo. 199, 102 Pac. 1072, is not here in point because the plaintiff there held the record title. But, if we take the other horn of the dilemma, the defendant is no better off, since he has not pleaded his bona fide purchase, the requisites of which are stated in 39 Cyc. 1687.

The issue, including the issue of notice, having been tried and determined in favor of plaintiff upon conflicting evidence we cannot disturb the findings. Counsel argues that there was at the most no evidence of notice to Schneider of anything more than a drain on his own land, and nothing there to show that Cross had any more than a right to maintain the drain to unwater his own land, even if its connection with his own drain had been known. But, since the court went on the land and inspected it, we cannot say that the evidence was insufficient to show the connection, and that known, defendant was put on inquiry as to the whole situation. Other

claims of insufficiency of evidence are discussed but the findings conclude us.

The plaintiff in error argues as if the case depended on the contract to maintain and keep in repair, but that is not precisely the case. Schneider has maintained and kept in repair, if we regard the tile drain as a renewal of the old box drain, which is a fair thing to do. The main question is whether Cross has the right to connect with the drain which Schneider has laid. To state the matter in another way: Cross's easement is, not to maintain a drain across Schneider's land, but to use Schneider's drain. The case here involved is analogous to *Hottell v. Farmers, etc., Association,* 25 Colo. 67, 53 Pac. 327, 71 Am. St. Rep. 109. The only difference is that there the servient estate was bound to deliver the water, while here it is bound to receive it. In that case it was held that the rebuilding of the mill which delivered the water, after destruction by fire, revived or continued the easement.

The plaintiff in error complains that the decree directs that each party maintain that portion of the combined drains which lies on his land; but what else? Neither should maintain the other's portion and the decree accords with the terms of the easement.

Some objections to evidence are argued. The principal ones are based on the propositions already noticed above and are thereby answered. We have considered the others and find no error. They are such that it would be of no avail to discuss them.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.