MACKEY V. FULLERTON ET AL., ASSIGNEES OF SHERRICK & LEWIS.

1. The rule of law is that the debtor may direct, on paying money to his creditor, the appropriation of it to a particular account or item of indebtedness; but if he make or indicate no such appropriation, the creditor may apply the money as he pleases. When money is paid generally on an account, without any appropriation, the rule is that it should be applied to the first items in the account.

2. Wilful ignorance is equivalent in law to actual knowledge. He who abstains from inquiry, when inquiry ought to be made, cannot be heard to say so and rely upon his ignorance.

*Appeal from District Court of Gilpin County.*

THE facts are stated in the opinion.

Mr. J. E. ROCKWELL, for appellant.

Mr. W. C. FULLERTON, for appellees.

BECK, C. J. This was an action commenced by the appellees against the appellant in the county court of Gilpin county, for the recovery of a balance of $510.06, alleged to be due the late firm of Sherrick & Lewis, upon an account for goods, wares and merchandise. There have been two trials of the cause, in each of which the plaintiffs recovered judgment for the full amount of their bill; first before the county court, and again before the district court of Gilpin county, the latter trial being by a jury.

Sherrick & Lewis were partners, doing business as merchants, in Nevadaville, in said Gilpin county, their stock in trade being groceries and miners' supplies. The defendant appears to have been a regular customer of said Sherrick & Lewis for a considerable time prior to their assignment to the appellees for the benefit of their creditors, which latter event occurred about the 1st day of September, 1881. The complaint alleges: "That defendant became indebted to said Sherrick & Lewis in the sum of $510.06, for the balance of an account for goods, wares and merchandise sold and delivered to the defendant by said Sherrick & Lewis, between the 11th day of December, A. D. 1879, and the 25th day of August, A. D. 1881, at Nevadaville, in said county."

The defendant, answering, admitted that he was indebted in the sum of $410.06, and denied his indebtedness as to the balance of the account.

After the appeal to the district court, he filed a further answer, by leave of the court, averring that the sum of $100, in the account sued on, was for the pretended sale of a barn, situate upon ground belonging to the Monier Metallurgical Works in Nevada, and that said Sherrick & Lewis had no title to the property sold.

Prior to the commencement of the trial in the district court, the plaintiffs disclaimed, in open court, through their counsel, that any part of the amount sued on was for the sale of a barn, and declared that the entire account was for a balance due for groceries, hay, grain and miners' supplies. A record was made of these admissions, and, upon closing their evidence in chief, plaintiffs asked leave of the court to withdraw said admissions, which the court granted against the objections of the defendant, which ruling was excepted to and is assigned for error.

It is probable that the admissions were withdrawn for the reason that in the production of the books containing the defendant's entire accounts, a charge for the barn was found to be one of the items.

Upon examination of the testimony, we discover no necessity for the withdrawal of the admissions. The defendant appears to have been a regular customer of Sherrick & Lewis at their store in Nevadaville, and as was their custom, they presented their bills to him monthly, for groceries and miners' supplies. He paid to them sums of money upon account when convenient, which was credited, and the next bill would contain only the new items since purchased, together with the balance due upon the former bill.

The testimony showed that defendant's accounts ran through thirty-eight books, but that the books were balanced monthly, and that while bills were presented to customers every month, the items for one month were not repeated in the bill for the next month.

The books show a charge of $100 against the defendant for a barn sold him in the month of November, 1880.

It would seem, however, under the general rule of law concerning the application of payments upon a running account, that the barn had been paid for, and, as a matter of fact, did not comprise a part of the account sued on.

The rule of law is, that the debtor may direct, on paying money to his creditor, the appropriation of it to a particular account or item of indebtedness; but if he make or indicate no such appropriation, the creditor may apply the money as he pleases. When money is paid generally on an account without any appropriation, the rule is, that it should be applied to the first items in the account. 2 Pars. Contracts, 629, 631, 811; *Hill v. Robbins*, 22 Mich. 475; *Crompton v. Platt*, 105 Mass. 255.

The evidence upon the trial showed that the barn was sold to the defendant by the late firm of Sherrick & Lewis, on the 24th of November, 1880, and charged up to him upon the books of the firm in his general running account for merchandise, at the price of $100. On the 1st of December following, defendant's account, including the price of the barn, amounted to the sum of $315, for which several items a bill was then presented to the defendant by Mr. Sherrick, of said firm. The defendant received the bill and said he would pay it as soon as he got round to it. This witness testified that defendant paid this bill in full. That he paid $200 on the 10th of December and $151.60 on the 1st of January following, which two sums amounted to more than the bill rendered December 1st.

The witness testified further, that, although about seven monthly bills were presented the defendant from the time of the sale of the barn to the close of his account, but one bill contained the item of this sale. These statements clearly show an application by Sherrick & Lewis of the money paid by the defendant subsequent to December 1st upon the account then due, which was legal and proper, it not appearing that any direction to appropriate the payments otherwise were given by the

defendant, and it affirmatively appearing that the latter made no objection to the charge for the barn until after the assignment of Sherrick & Lewis to the plaintiffs on September 1, 1881.

It does not avail the defendant to say, as he did in his testimony, that he did not look at the bill of December 1st, presented him by Sherrick, and did not know that it contained the item of the barn. Wilful ignorance is equivalent, in law, to actual knowledge. A man who abstains from inquiry when inquiry ought to be made, cannot be heard to say so, and to rely upon his ignorance. Kerr on Fraud and Mistake, 237, 238.

Even if it were proper to litigate the subject of the sale of the barn in this action, the defendant has no available ground of error to complain of. His main defense is that he supposed he was buying the lot upon which the barn stood, as well as the barn, and was ready to pay $100 therefor upon receiving a deed for the property, but that he had since learned that Sherrick & Lewis could not make title, as they did not own the lot.

Opposed to this is the testimony of Sherrick that he told defendant at time of sale that the Monier Metallurgical Works owned the lot.

The credibility of these two witnesses upon this point was submitted to the jury by the second instruction given by the court, and it was resolved against the defendant.

In short, the evidence shows that defendant bought the barn and paid for it; that another person, who was then occupying it, was turned out, and that the possession thereof was delivered to the defendant, who put his mules into it and occupied it as long as he desired. The effect of his defense to the present action is, to seek to recover back the sum paid therefor; for unless an offset of the $100 is allowed, he is indebted upon the account for groceries and supplies in the sum of $510.06, the sum sued for.

In no view of the case can he attack the title of the vendors of the barn in this proceeding. The matter of

the purchase and payment of the barn was voluntarily closed and settled by the parties before the assignment of Sherrick & Lewis to the plaintiffs, and as to the latter parties the matter was closed forever. The judgment is affirmed.

*Affirmed.*