Bissell, P. J.,
delivered the opinion of the court.
An asserted priority in right springing in the one case from a trust deed on unimproved property, and in the other from a mechanic’s lien for work done in the construction of a building after the execution of the conveyance, has given rise to this suit.
While one Ermerins was ,the owner of four lots in a subdivision to the city of Denver, she executed on the 22d day of January, 1890, a trust deed to secure the payment of certain promissory notes aggregating the sum of $17,600. On the first of May thereafter, a contract was made with Smithea & Arnold to put up two buildings on these premises for a specified price. The contractors continued the work üntil the foundation was completed, when for some unexplained reason it was abandoned, and the contract never carried out. No importance is attached to the non-completion of the con *176 tract, and the record is silent as to the reason of it. The buildings were afterwards finished under one or more contracts made by the owner of the property. What the facts may be respecting these matters do not appear. When they completed the foundation, Smitbea & Arnold filed a notice of lien under the statute, and apparently took all the steps necessary to assert their rights, if. they had any. The owner made default in the payment of the notes which were secured by the trust deed, and under the authority which the conveyance contained the trustee proceeded to advertise and sell the property, and conveyed it by a deed of unquestioned validity to Mitchell Benedict, who transferred it to Frank Church, the present appellant. The lien of the contractors remained unsatisfied, and the present suit was begun to enforce it. Church defended, set up his convej^ance, and denied the right to'a hen on the ground that, as the owner of the premises, he was entitled to what may have been put on them after the delivery of his security.
This claim is substantially an assertion of a principle well settled at the common law. Under that doctrine, it was universally true that any building or improvement erected on land subsequent to the execution of a mortgage became thereby a part of the realty and subject to the incumbrance. The mortgagee could never be deprived of the benefit of this added security, except by express legislation clearly designed to deprive him of this benefit and to give superior rights to a third party.
Many statutes have been enacted which were intended to secure to mechanics and contractors what might be due them for betterments put upon property. The original purpose of these enactments has long since been lost sight of, and by an imperceptible process of extension they have been brought to include everything that may be necessary to secure to either the mechanics, material men, or contractors pay for an}*- service rendered in the betterment of property. Whatever may be the opinion about the wisdom of this sort of class legislation, its validity and constitutionality is too well settled to *177 admit of discussion. The courts universally uphold it, and may express a very strong conviction concerning its propriety. Brooks v. R'way Co., 101 U. S. 443; Wimberley v. Mayberry & Co., 94 Ala. 240; Newark L. & C. Co. v. Morrison et al., 13 N. J. Equity, 133; Turner v. Robbins, 78 Ala. 592; McAllister v. Clopton, 51 Miss. 257.
The only matter then concerning which there can be any dispute is as to the terms and proper construction of the statute on this subject. Section 2148 of the General Statutes of 1883 establishes the relative rights of the prior incumbrancer and the subsequent lienor in cases of this description. The only part of the statute essential to the present inquiry is the concluding clause, which is as follows: “ When the lien is for work done or material furnished for an entire structure, erection or improvement, such lien shall attach to the building, erection or improvement for or upon which such work was done or materials furnished, in preference to any prior lien or incumbrance or mortgage upon the land upon which same is erected or put.” * * * The difficulty which attends the construction of the act comes from the somewhat loose and indefinite expression of the legislative purpose. The contention is over the words “for the entire structure,” etc. The appellant argues with great force and vigor that these words are necessarily to be so construed that the statute will only give the right to such a charge on the property to whomsoever may put up an entire building. Most of the support for the appellant’s contention in this respect is derived from a consideration of those eases which give the mechanic a lien for improvements, or for those things which are, with respect to existing structures,, commonly called betterments. The argument seems to us decidedly technical, and not'in aceo.rd with the evident purpose and object of the act. The statute does not go to the extreme lengths of the legislation in other states, as for instance in Illinois, where the lienor has the statutory right to compel the sale of the entire property and a proportionate division of the proceeds. Neither does it give the mechanic or the contractor the right to a lien on a *178 building for its improvement or betterment, where the building was on the property and subject to a prior incumbrance at the time the work was done. The lawmakers seem to have determined that the only case in which the common law rule should be interfered with was one where an entire structure should be put on the property. They evidently concluded that under these circumstances no injustice would be done to the prior incumbrancer, since he would then only be deprived of the right to hold property to which his lien had never attached. In such case the statute gives the contractor or the lienors, separately or conjointly, the privilege to assert their rights against the newly erected building. The prior incumbrancer loses nothing to which his security has affixed itself, nor does the lienor get anything bpyond that which he may have put on the land. It simply remains to be determined whether the word “entire ” is to be so limited as to restrict the right of lien to those cases where the lienor may have contracted for or put up the whole structure. This construction is not rendered absolutely necessary by the language of the statute, nor in our judgment does it correspond with the legislative purpose. That purpose, as it seems to us, was to give the right of lien wherever an entire building was put up as contradistinguished from the case where additions or betterments were put on property. This distinction was very well illustrated in an early” case in Iowa. Getchell & Tichenor v. Allen et al., 34 Iowa, 559: In that case the court experienced a good deal of difficulty in the construction of the statute because the word “ entire ” was omitted from the enactment. But the court draws a very broad distinction between the different significations to be attached to the word improvement, and conclude that the word must be limited to cases where it is descriptive of an entire building, and not to those cases where additions may be niade to a structure already on the land-, which it would be inequitable to permit the lienor to remove; but that court and all others which have been called on to construe similar acts adopt the principle that the right to a lien and its enforcement exists *179 in favor of all who may do work on a building which is newly erected on previously unimproved property. This accords with our views of the legitimate and proper construction of our own statute. The legislature evidently intended to give a lien to mechanics, whei e a new building was put on previously vacant and incumbered property, and there is no evidence of any purpose to limit the right to one who contracts to put up the whole structure. If the building be a new one, the lien may be as legitimately enforced in favor of a dozen mechanics and contractors who do work on it as in favor of one who puts up the entire building. The incumbrancer is not harmed, since as to him he has lost no part of the security which he held at the time the improvement was started.
The judgment of the court below is in harmony with these views, and it will accordingly be affirmed.

Affirmed.