## JANUARY TERM, 1894.

EVERETT ET AL., APPELLANTS, v. TODD ET AL., APPELLEES.

1. SUBSEQUENT PURCHASERS—NOTICE—BURDEN OF PROOF.

As between one claiming record title and one claiming under a prior
    equity or unrecorded instrument, the burden of proof is on the lat-
    ter to show actual notice to the subsequent purchaser of his rights
    or prove such circumstances as would put a prudent man upon his
    guard and from which actual notice may be inferred.

2. PUBLIC LANDS—ILLEGAL CONTRACTS—NOTICE.

An option for the purchase of a homestead and a pre-emption claim ex-
    ecuted before final entry is in contravention of the acts of Congress
    and not enforceable. Notice of such an option is not sufficient to
    put a purchaser after entry upon inquiry, as he has the right to as-
    sume that no attempt will be made to consummate the fraud by
    procuring title thereunder.

*Appeal from the District Court of Arapahoe County.*

ACTION for specific performance of contract.

Mr. A. B. SEAMAN, for appellants.

Mr. H. B. JOHNSON, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

On the 29th day of May, 1888, one John W. Todd was the
claimant, under the homestead law of the United States, of
160 acres of land in Douglas county, Colorado, and Harriette
E. Harsel was the claimant, under the pre-emption law of the
United States, of an adjoining 160 acres. Upon this date
Todd gave a written option to the plaintiffs, W. R. Everett,
William E. Gray and J. C. Carpenter, for the purchase of
both of said tracts of land for the sum of $2,100. This op-
tion, by its terms, was to expire on the 1st day of August,

1888. Afterwards, Mrs. Harsel obtained title to the land filed on by her, and the same was duly conveyed to Todd, and by Todd to plaintiffs.

On the 16th day of October, 1888, Todd entered the land claimed by him under the homestead act, at the land office at Denver, Colorado. Thereafter, and on the 15th day of November, 1888, he gave a second option to the plaintiffs. This option covered the Todd tract of land alone and was not recorded. The price mentioned in the option being the sum of $2,100; this being the same as the consideration mentioned in the first option for both tracts. A part of this amount had been paid at the time of the execution of this second option. On or about the 30th day of the following January, Todd, without the knowledge of the plaintiffs, conveyed his homestead to his codefendants, E. A. Bronson and H. S. Persee, by warranty deed. Plaintiffs allege that defendants Bronson and Persee had full knowledge and notice of the contract bearing date November 15, 1888, at the time they acquired title. Plaintiffs demand the conveyance to them of this 160 acres of land upon the payment by them of the sum of $1,050, the balance remaining unpaid under the option.

Issues having been joined upon the allegations of the complaint, a trial to the district court resulted in findings and judgment for the defendants. Plaintiffs appeal.

The district court from the evidence submitted found *first*, that both Bronson and Persee purchased without notice of the existence of the contract of November 15, 1888; *second*, that this contract was executed in consideration of a previous illegal one, and that plaintiffs were for this reason not entitled to its enforcement.

The land having been previously conveyed to Bronson and Persee, to entitle the plaintiffs to a decree for specific performance it was incumbent upon them to show affirmatively that the purchase by defendants was with notice of the equities relied upon by plaintiffs. " As between one claiming record title, and one claiming under a prior equity or unrecorded instrument, the burden is on the latter to show actual

notice to the subsequent purchaser of his rights, or prove circumstances such as would put a prudent man upon his guard and from which actual notice may be inferred." Abbott's Trial Evidence, 716; *Brown v. Volkening*, 64 N. Y. 76.

The proof of notice relates almost entirely to the prior option of May 29th. This option had expired previous to such notice as came to the knowledge of plaintiffs. This is manifest from the instrument itself, which defendants, or one of them, examined, and in answer to inquiries both Todd and Griffith informed Bronson that the option was of no force or effect. In addition to this, the option of May 29th was given for the purchase of a homestead and a pre-emption claim, before final entry, and was in contravention of the acts of Congress, and for this reason was not enforceable. Revised Statutes U. S., §§ 2262–63; *Brown et al. v. Kennedy*, 12 Colo. 235; *Dawson v. Merrille*, 2 Neb. 119; *Oaks v. Heaton et al.*, 44 Iowa, 116; *Anderson v. Carkins*, 135 U. S. 483.

Notice of the option of May 29th was therefore unavailing for any purpose and was not even sufficient to put the parties upon inquiry. As the option was contrary to public policy and void, they had a right to assume that no attempt would be made to consummate the fraud by procuring title thereunder. It was therefore necessary for plaintiffs to show by satisfactory proof that Bronson and Persee had notice of the subsequent unrecorded option. This burden was undertaken by them but the evidence is far from satisfactory and is directly contradicted by a number of witnesses introduced by the defendants. In this state of the record the finding of the district court will not be disturbed. As this is conclusive of the controversy the judgment must be affirmed.

*Affirmed.*