## No. 9058.

### ADY & CROWE MERCANTILE COMPANY *v.* HOWARD.

1. PLEADINGS—*Complaint,* Upon an account, showing upon its face full payment of all that defendant promised to pay exhibits no cause of action.
2. —— *Amendment.* A party cannot by amendment relieve himself of admissions made in the original pleading.
   A complaint in an action upon an account of a third person which the defendant had promised to pay, gave the items of the account, and by credits set down, showed full payment of all for which defendant was liable. An amended complaint omitting all items of the account occurring subsequent to the date of defendant's promise was held a mere subterfuge, and a demurrer thereto properly sustained.
3. JUDICIAL NOTICE—*Taken,* of all the pleadings filed in the cause.
4. PAYMENTS—*Application of.* The general rule is that in the absence of a stipulation to the contrary, payments upon an account current are applied to the first items.

*Error to Weld County Court, Hon. Herbert M. Baker, Judge.*

Messrs. ZIMMERHACKEL & AVERY, and Mr. EDWARD G. KNOWLES, for plaintiff in error.

Mr. H. E. CHURCHILL and Mr. E. T. SNYDER, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THE plaintiffs in error, plaintiffs below, brought suit against the defendant, and in their first amended complaint alleged in substance an account against the Greeley Construction Company, for goods sold and delivered, specifically stated and itemized as follows:

| | |
|---|---:|
| October 24th, 1911, 1 car hay | $155.00 |
| October 24th, 1911, 1 car oats | 700.40 |
| March 8th, 1913, 1 car oats | 530.00 |
| March 8th, 1913, 1 car hay | 242.32 |
| March 8th, freight paid | 35.94 |
| Total value debits | $1,663.66 |

With the following cash credits:

| | |
|---|---:|
| November 29th, 1911 | $250.00 |
| December 30th, 1911 | 150.00 |
| May 1st, 1913 | 808.76 |
| Total credits | 1,208.76 |
| Balance due on account | 456.60 |

It was further alleged that the defendant had in writing promised to be answerable for this debt of the construction company by the following letter:

"Greeley, Colo., 2-3-1913.

The Ady & Crowe Merc. Co.

Yours of February 1st at hand. Just at present all public works are at a standstill. As soon as the frost softens, so that I can put my teams to work, will give your

bill immediate attention. I have plenty to do for my outfit, and will take care of you.

> Very respectfully, I remain yours,
> (Signed) A. A. HOWARD."

Prayer was for judgment against the defendant for the alleged balance.

The defendant demurred to this complaint on the ground (a) that the promise alleged was not for the indebtedness sued on, and (b) that the writing set forth is insufficient to take the case out of the Statute of Frauds.

This demurrer was sustained by the court upon the ground that the letter specifically referred to a debt then existing as of February 1st, 1911, and can not be construed to have reference to subsequent debts. He found it unnecessary to pass upon the question of the sufficiency of the writing as a promise to be answerable for the debt of the construction company, under the statute.

It will be seen that the letter refers to an indebtedness existing as of date of February 1st, 1911. This according to the complaint was $855.40. The complaint alleged a current account including this amount totaling $1,628.22, upon which there had been paid the sum of $1,208.76.

Clearly then the complaint on its face shows the full payment of the account, which it was alleged the defendant had in writing promised to pay, and therefore the demurrer was properly sustained. The correctness of this ruling is admitted by plaintiffs in error in their briefs.

But after the demurrer to the first amended complaint was sustained, the plaintiffs filed a second amended complaint differing from the first in the only material particular, that it omitted all debits and credits from the statement of account, occurring subsequent to the date of the letter, and thus attempting to show a debt existing at that time.

To this second amended complaint the court properly sustained a demurrer by defendant. The plaintiffs elected to stand on their second amended complaint and judgment rendered dismissing the cause of action.

This second amended complaint is a mere subterfuge. The court will take judicial notice of all the pleadings filed in a cause and the plaintiff is bound by the allegations of its first amended complaint, which stated its current account with the construction company in full, and the cause was therefore adjudicated by the court's action in sustaining the demurrer thereto. The general rule of law is that in the absence of stipulation to the contrary, credits upon a running account are to be applied to the first items of account. 30 Cyc. p. 1244; *Mackey v. Fullerton*, 7 Colo. 556, 4 Pac. 1198.

It is not necessary to consider the second ground of the demurrer.

The judgment is affirmed.

Hill, C. J., and Garrigues, J., concur.

Decided June 3, A. D. 1918. Rehearing denied December 2, A. D. 1918.