No. 12,633.

Longton v. Husung.
(16 P. [2d] 423)

Decided November 7, 1932.

Mr. James D. Pilcher, Mr. James P. Veerkamp, for plaintiff in error.

Mr. W. W. Platt, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

The defendant Longton, plaintiff in error, owned two town lots in the city of Alamosa upon which a hotel building had theretofore been erected. In September, 1926, she entered into a contract with the defendants, Otto C. Fischer and his wife, for the sale of the hotel property to them. The hotel building was not in good repair. Longton by this contract agreed with the Fisch-

ers to convey this hotel property to them for a total consideration of $15,000. The Fischers upon their part promised to, and did, execute a first trust deed thereon to the San Luis Valley Building and Loan Association to secure the payment of money to be advanced by it to them to be used for repair of, and improvements upon, the hotel building, out of which sum the Fischers were to get $10,000, and $2,000 of the loan was to be paid to the defendant Longton as part consideration coming to her from the sale of the property and the balance of $8,000 was to be paid out by the building and loan association for improvements to be made on the hotel building. The first payment out of this balance was set aside for the purpose of installing a heating plant and a water system for the hotel, and if there was then any balance left it was to be used by the Fischers for the purpose of *improving* the hotel building. The contract further provided that in order to secure the said balance of the consideration price for the sale of the property which the Fischers were required to pay, they agreed to and did execute notes and trust deeds securing the same to the amount of $13,000, to be subject and subordinate to the deed of trust to the building and loan association to secure to it the $10,000 above mentioned. Plaintiff Husung was an officer of the building and loan association and knew of this contract.

The material part of this contract between the Fischers and Mrs. Longton that is important here is the following: "The first payment is to be made for the purpose of installing a heating plant sufficient to heat every room in said hotel, and also installing a water system to furnish water to each and every room in said hotel. If there be any amount of this money left it may be used by the said Fischers for the purpose of *improving* the said building but for no other purpose." In pursuance of, and acting under, the provisions of this written contract of sale the Fischers proceeded to make the improvements on the hotel building which they had agreed to do. They

employed the plaintiff Husung to make certain of such improvements and, at their request, Husung delivered materials to and performed labor for them in the installation of an electric wiring and lighting system in the hotel building. This work constituted an improvement of, and upon, the hotel.

Upon the evidence produced the trial court found that Husung furnished materials and did work upon the building which constituted improvements that were required and provided for in the contract between Mrs. Longton and the Fischers. Not having been paid in full for the same, Husung brought this action to recover judgment for the balance due him of $550 for the work that he performed and the materials that he furnished that went into the hotel building. The trial court found from the evidence that this balance of $550 was still due and unpaid, and gave judgment to Husung therefor and established the same as a lien on the hotel building superior to the lien of the second trust deed held by defendant Longton. The court specifically found that the improvement thus made by Husung constituted one entire improvement, namely, the installation of a complete new electric lighting and wiring system, and that plaintiff is entitled to such a lien by virtue of the provisions of section 6444, C. L. 1921. The court held this to be a prior and superior lien to the lien of a second trust deed which the defendant Longton held upon the hotel building and which had been placed upon record in the office of the county clerk and recorder of Alamosa county before the plaintiff furnished materials or began work upon the hotel building. The court, however, did not base its decree upon section 6444, because of complications that might arise in the distribution of the proceeds of sale in case of failure to realize the full amount of all liens against the premises. The court further said, and so held, that there would be no such complications in case of sale under foreclosure, upon another and sufficient ground. Its decree was based upon the proposition and separate finding

504

of fact that the defendants Fischers bought the premises in question from the defendant Longton in September, 1926, and the written contract of sale entered into between the parties required, and made it the imperative duty of, the Fischers to make certain improvements upon the hotel building which the court found from the evidence included the particular improvement for which the plaintiff Husung seeks to establish his mechanic's lien in the pending action. The court further found that this contract was made and entered into by Longton and the Fischers prior to the time of the execution of the deed of trust in favor of the defendant Longton, under which she now claims title to the premises in question, or was entered into contemporaneously therewith. And so the court held that plaintiff's lien for materials furnished and labor performed by him in the construction of such improvements is superior to the lien of the defendant under her second trust deed, even though the same was recorded before work on the building was commenced.

We think the trial court was right in its findings of fact and its decree establishing plaintiff Husung's lien as superior to the rights of Mrs. Longton under her second trust deed. The following among other cases that may be cited in favor of this are: *Joralmon v. McPhee,* 31 Colo. 26, 71 Pac. 381; *Shapleigh v. Hull,* 21 Colo. 419, 41 Pac. 1108; *Colorado Iron Works v. Taylor,* 12 Colo. App. 451, 55 Pac. 942; *Miller v. Davis,* 26 Colo. App. 483, 145 Pac. 714. The contract of sale which Longton made with the Fischers required them to make the very improvements which the plaintiff Husung thereafter put upon the hotel under his contract with the Fischers. Longton's property rights in this hotel building were enhanced, in the eye of the law, at least to the extent of the value of the work performed and materials furnished by Husung. It would be unjust to hold, since in the contract of sale of her property she required of the Fischers, as one of its considerations, the doing of the very work and the furnishing of the materials by Husung

that went into this building, that his lien, under the mechanic's lien statute, should be subordinate to her second trust deed upon the premises.

The judgment of the trial court is right and it is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BURKE and MR. JUSTICE BUTLER concur.