No. 18,760.

HAROLD D. STINNETT v. MODERN HOMES, ET AL.

(350 P. [2d] 197)

Decided March 14, 1960.   Opinion modified and rehearing denied March 28, 1960.

Mr. Richard N. Graham, for plaintiff in error.

Messrs. Knight, Lesher & Schmidt, Mr. Philip G. Gregg, for defendant in error Midland Federal Savings & Loan Association.

Mr. Golding Fairfield, Mr. Royal C. Rubright, *Amici Curiae*.

*In Department.*

Opinion by Mr. Justice Moore.

Although several defendants in error are named in the caption of this cause, only one of them is before us in this review on writ of error, namely Midland Federal Savings & Loan Association, hereinafter referred to as Midland. Plaintiff in error will be referred to as Stinnett.

The facts pertinent to the controversy are simple and undisputed. Midland is the beneficiary under a deed of trust dated January 24, 1954, and recorded January 29, 1954, securing a promissory note of the Martins, owners of the property involved, in the original principal sum of $8,000. The security described in the deed of trust is certain real property with the improvements thereon situate in the City and County of Denver, commonly known as 3104 Elizabeth Street. The improvements on the land consist of a brick residence.

Stinnett claims a mechanic's lien for certain remodeling work on said residence, for which he furnished labor and materials of the total value of $712.08. The lien

statement of Stinnett was recorded November 5, 1956.

Both Stinnett and Midland rely upon the same statute, namely C.R.S. '53, 86-3-3, which reads in pertinent part as follows:

" * * *. When the lien is for work done or material furnished for any entire structure, erection or improvement, such lien shall attach to such building, erection or improvement for or upon which the work was done, or materials furnished, in preference to any prior lien or encumbrance, or mortgage upon the land upon which the same is erected, or put, and any such person enforcing such lien may have such building, erection or improvement sold under execution and the purchaser at any such sale may remove the same within thirty days after such sale * * *."

Stinnett contends that under this section the furnishing of labor and materials for a remodeling job in the basement of the residence gives him a mechanic's lien as to all of the improvements on said property, and that such lien is superior to a prior deed of trust recorded upon said real estate and improvements more than two and one-half years before the filing of the mechanic's lien.

Defendant in error contends that such labor and materials were not furnished for an entire structure but for alterations or remodeling of existing improvements, and consequently, under the statute, the mechanic's lien is subordinate to the lien of the deed of trust.

In view of our determination of the question as hereinafter stated, it becomes unnecessary to consider whether the contract authorizing the remodeling of the building was recorded in compliance with C.R.S. '53, 86-3-1, 2 and 3.

Question to be Determined.

*Where a deed of trust securing payment of a loan on a parcel of real estate and the improvements thereon is executed and recorded in January 1954, and such improvements are repaired or remodeled in 1957 for which*

*a mechanic's lien statement is filed to secure payment of a claim for labor and material; the original loan and deed of trust not being in any manner connected with such remodeling or repairs; is the mechanic's lien superior to the lien of the trust deed as to any portion of the real estate described in said trust deed?*

The question is answered in the negative. The phrase "for any entire structure, erection or improvement" as contained in the portion of the statute above quoted has been construed by this court in a number of cases.

In the early case of *Church v. Smithea,* 4 Colo. App. 175, 35 P. 267, the court describes the legislative purpose of the phrase as follows:

"That purpose, as it seems to us, was to give the right of lien wherever an entire building was put up as contradistinguished from the case where additions or betterments were put on property."

In *Atkinson v. Colorado Title & Trust Co., et al.,* 59 Colo. 528, 151 P. 457, the following pertinent language appears:

"The phrase, 'for an entire structure,' is not used to designate a completed from an uncompleted building; but to distinguish new structures not before existing, from betterments, repairs, improvements and the like on previously constructed or existing improvements."

It is contended by counsel for Stinnett that the opinions of this court in *Darien, et al. v. Hudson, et al.,* 134 Colo. 213, 302 P. (2d) 519, and *Longton v. Husung,* 91 Colo. 501, 16 P. (2d) 423, indicate that the rule announced in *Atkinson v. Colorado Title & Trust Co.,* supra, is no longer the law.

There is no similarity between the facts of the cases relied on by counsel for Stinnett and those present in the instant case. There the loans secured by the deeds of trust were construction loans, and were placed upon the property for the purpose of financing remodeling or re-

pair of existing buildings, with reference to which the mechanics' liens came into existence.

No such situation exists in the case at bar.

Upon the record before us Stinnett is entitled to a lien upon the real estate to secure payment of his claim. As between the lien of the deed of trust and the mechanic's lien the former is a first lien and the latter is junior and inferior to that of the trust deed.

The trial court is directed to enter judgment accordingly.

MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.