603 P.2d 947 (1979)
Johnie R. DANIEL, d/b/a Adco Heating & Sheet Metal, Plaintiff,
v.
M. J. DEVELOPMENT, INC. and Porky's, Inc., Defendants, and
Allied Trades, Inc., d/b/a Barnett Company, Label Glass, Inc., and Earl A. Dixon, Inc., Defendants-Cross-Claimants-Appellees.
Richard D. TAXMAN and Jacqueline Rose, Defendants-Appellants and Third-Party Plaintiffs-Appellants,
v.
Ruby CRISP, Third-Party Defendant-Appellee, and
Porky's, Inc., Third-Party Defendant.
No. 78-383.
Colorado Court of Appeals, Division III.
August 2, 1979.
As Modified On Denial of Rehearing September 20, 1979.
*948 Grossman & Grossman, Alan M. Grossman, Galchinsky & Silverstein, Herbert H. Galchinsky, Denver, for defendant-cross-claimant-appellee Allied Trades, Inc.
No appearance for defendant-cross-claimant-appellee Label Glass, Inc.
Louis A. Morrone, Denver, for defendant-cross-claimant-appellee Earl A. Dixon, Inc.
Weltzer & Worstell, Louis A. Weltzer, David L. Worstell, Denver, for defendants-appellants and third-party plaintiffs-appellants.
Samuel Berman, John A. Berman, Denver, for third-party defendant-appellee Ruby Crisp.
RULAND, Judge.
In an action to foreclose a mechanic's lien, the property owners, defendants, Richard D. Taxman and Jacqueline Rose, appeal from a judgment awarding liens to defendants, Allied Trades, Inc., Label Glass, and Earl A. Dixon, Inc. They also appeal from a personal judgment against them for the amount due Allied, Label, and Dixon. Finally, the owners appeal from a judgment dismissing their claim against a lessee of the property, Ruby Crisp. We affirm in part and reverse in part.
On February 1, 1975, the owners leased a portion of the subject property to Jack and Ruby Crisp for a restaurant business. In April of 1975, Jack Crisp died, and Ruby Crisp decided to close the restaurant.
On December 16, with the permission of the owners, Ruby Crisp assigned the remainder of her lease to Porky's, Inc. Porky's commenced extensive remodeling operations on the premises and employed M. J. Development Company as general contractor for that purpose. A number of subcontractors supplied materials for the project, and a new restaurant began operation on April 1, 1976.
On August 31, 1976, plaintiff Johnie R. Daniel filed a complaint pursuant to the mechanics' lien statute, § 38-22-101, et seq., C.R.S. 1973, seeking to foreclose a lien. Daniel also requested personal judgment against the owners and M. J. Various other lien claimants were joined in the complaint, including Barnett, Label, and Dixon. Each of these lien claimants cross-claimed to foreclose their liens against the property as well as for personal judgments against the owners. The owners filed a third-party complaint against Ruby Crisp and Porky's, seeking indemnification for any judgment entered against them.
During the trial, the owners compromised their claim with Daniel. Following the trial, the court entered the judgment which is challenged on this appeal.

I. The Claim Against Ruby Crisp

We affirm the trial court's dismissal of the owners' claim against Ruby Crisp. Contrary to the owners' contention, there was sufficient competent evidence to support the findings of the trial court that the assignment of the original lease by Crisp was made to Porky's with the express approval of the owners. The record also substantiates the court's finding that Crisp's liability under the lease was limited to the rent obligation only. Hence, those findings must be affirmed. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336 (1970).

II. The Mechanics' Lien Claims

Section 38-22-109(3), C.R.S. 1973 (1978 Cum. Supp.), provides:
"In order to preserve any lien for work performed or materials furnished, there must be a notice of intent to file a lien statement served upon the owner or reputed owner of the property or his agent... at least ten days before the *949 time of filing the lien statement with the county clerk and recorder...." (emphasis added)
The owners asserted at trial, inter alia, that the lien claimants failed to provide notice as required by this statute. However, the trial court ruled that the owners waived their claim of inadequate notice by not raising same either as an affirmative defense in their pleadings pursuant to C.R.C.P. 9, or as an affirmative defense in their pretrial statement. The lien claimants assert that the trial court's ruling was correct. In addition, they argue that: (1) Even if such notice is required, their liens are valid because the owners failed to demonstrate that they were prejudiced by lack of notice; and (2) even if notice was not waived, as statutory principal contractors they were not required to give notice under the statute. We conclude that the trial court's ruling was error.
In construing a statute which required lien claimants to file a notice of lis pendens, our Supreme Court held in Kalamath Investment Co. v. Asphalt Paving Co., 153 Colo. 109, 384 P.2d 938 (1963), that a lien claimant has the burden of proving his right to a lien under the statute and that this burden includes the requirement of giving statutory notice. We view Kalamath as dispositive here. Hence, the owners' failure specifically to raise the defense of lack of notice is not material. For the same reason, the owners need not establish prejudice resulting from a lack of notice.
We must also reject claimants' final argument that, because of the owners' failure to record the improvement contract or to post notice, the lien claimants assumed the status of "statutory principal contractors," and as such were not required to give notice under § 38-22-109(3), C.R.S. 1973 (1978 Cum.Supp.).
Section 38-22-101(3), C.R.S. 1973, grants the status of principal contractor to a subcontractor where the contract for improvements exceeds $500 and where the contract or a memorandum thereof is not recorded. Prior to the 1975 amendments to the mechanics' lien statute, § 38-22-109(3), C.R.S. 1973, provided:
"In order to preserve a lien for work performed or materials furnished by a subcontractor, there must be served upon the owner or reputed owner of the property or his agent, at or before the time of filing with the county clerk and recorder the statement provided for in this section, a copy of such statement; but if neither the owner or reputed owner nor any agent of the owner or reputed owner can conveniently be found in the county where the property, or the principal part thereof, is situated, an affidavit to that effect shall be filed for record with said statement and thereupon no such service shall be required."
And, subcontractors were not required to serve notice of their lien on the owners where the contract for improvements was not recorded. See Weather Engineering & Manufacturing, Inc. v. Pinon Springs Condominiums, Inc., 192 Colo. 495, 563 P.2d 346 (1977).
However, the 1975 amendment to § 38-22-109(3), effective October 1, 1975, see Colo. Sess. Laws 1975 Chapter 322 at p. 1420, changed the prior wording from "a lien" to "any lien," deleted the limitation "by a subcontractor," and provided that the lien statement "must" be served upon the owner and the principal contractor at least ten days before the time of filing the lien statement. Thus, the amendment demonstrates a clear legislative intent to require the statutory notice in order to perfect a valid lien. See Kalamath Investment Co. v. Asphalt Paving Co., supra. Therefore, we hold that the lien claimants here must prove compliance with the statute upon remand in order to establish a valid lien.
We have considered the owners' other allegations of error and conclude that these contentions lack merit. Because of the trial court's ruling that the notice issue must be raised as an affirmative defense, the lien claimants made no attempt to establish compliance with the statute. Hence, the case must be remanded for a new trial as to this issue only. See American Factors Associates, Ltd. v. Triangle Heating & Sheet Metal Co., 31 Colo.App. 240, 503 P.2d 163 (1972).

*950 III. Personal Judgment Against the Owners

The owners' final contention is that the trial court erred in awarding a personal judgment against them. We agree.
Citing Hayutin v. Gibbons, 139 Colo. 262, 338 P.2d 1032 (1959), lien claimants assert that such a judgment is valid. However, Hayutin is not applicable here because, in that case, liability was predicated upon an express promise by the owners to pay for the materials furnished, which constituted a ratification of the act of the general contractor in purchasing the materials. Here, the work was ordered by an assignee of the lessee and not the owners. In the absence of privity of contract, the lien claimants may not secure a personal judgment against the owners.
Brannan Sand & Gravel v. Santa Fe Land & Improvement Co., 138 Colo. 314, 332 P.2d 892 (1958).
That part of the judgment dismissing the owners' third-party complaint is affirmed. The balance of the judgment is reversed and the cause remanded for a new trial consistent with the views expressed in this opinion.
BERMAN and KELLY, JJ., concur.