EVERITT LUMBER CO., INC., a Kansas corporation; Wayne's Electric, Inc., a Colorado corporation; and Concrete Contractors, Inc., a Colorado corporation, Plaintiffs,

v.

PRUDENTIAL INSURANCE CO. OF AMERICA, a New Jersey corporation, Donald A. Roth, Judith F. Roth, IFG Leasing Company, a Minnesota corporation, Bert Johnson, Lyle Johnson, Allan C. Thompson, Defendants-Appellees,

and

Manuel P. Silva, Elvira Silva, R & R Well & Pump, Inc., Mountain Empire Construction Company, Borg-Warner Acceptance Corporation, Cowan Concrete Products, Inc., d/b/a Mobile Premix, Inc., Ankmar Door Sales, Inc., and Anne D. Nye, as Public Trustee of the County of Weld, State of Colorado, Defendants,

and

Allen Plumbing & Heating of Greeley, Inc., Defendant-Intervenor-Appellant.

No. 81CA1155.

Colorado Court of Appeals, Div. III.

Feb. 17, 1983.

Arthur P. Roy, Greeley, for defendants-appellees.

Allen, Rogers, Metcalf & Vahrenwald, J. Brian McMahill, Fort Collins, for defendant-intervenor-appellant.

KELLY, Judge.

Allen Plumbing & Heating of Greeley, Inc., intervened in this mechanic's lien case, claiming a lien in an amount exceeding $5,000. Although Allen's recorded lien statement contained, on its reverse side, a completed affidavit of service on the property owners, Manuel P. and Elvira Silva, of notice of intent to file a lien statement, there was no affidavit of service upon the principal contractor, Mountain Empire Construction Co. Applying a strict construction to § 38–22–109(3), C.R.S.1973 (1982 Repl.Vol. 16A), the trial court ruled that Allen's lien was invalid for failure to record an affidavit of service of notice of intent upon the principal contractor. We affirm.

■ Although Allen concedes that § 38–22–109(3) requires the filing of an affidavit of service of notice of intent upon both the owner and the principal contractor, Allen argues for a liberal construction of the statute, contending that, since the evidence established that the principal contractor had actual notice of Allen's intention to file a lien statement and of the amount claimed, filing of the affidavit was not required. We reject this argument.

■ While it is true that there are circumstances in which the mechanic's lien statute will be liberally construed, this is not such a case. As early as 1898, this court, in *Maher v. Shull,* 11 Colo.App. 322, 325, 326, 52 P. 1115, 1116, differentiated between the remedial portions of the mechanic's lien statutes which are to be liberally construed, and those statutory provisions upon which the right to the existence of the lien depends. The latter must be strictly construed as in derogation of the common law. There has since been no departure from this rationale. *See Kalamath Investment Co. v. Asphalt Paving Co.,* 153 Colo. 109, 384 P.2d 938 (1963); *Moore Electric Co. v. Ambassador Builder Corp.,* 653 P.2d 90 (Colo.App.1982); *Daniel v. M.J. Development, Inc.,* 43 Colo.App. 92, 603 P.2d 947 (1979). Accordingly, the trial court correctly ruled that Allen's failure to comply strictly with the requirements of the statute renders its lien unenforceable.

■ Alternatively, Allen argues that it was relieved of the notice requirements of the statute because of the owner's failure to comply with the requirements of § 38–22–101(3), C.R.S.1973 (1982 Repl.Vol. 16A). That section requires that contracts requiring an amount to be paid in excess of $500 must be in writing, and that the contract must be filed by the owner in the office of the county clerk and recorder. We regard

the rationale of *Daniel v. M.J. Development, Inc., supra,* as controlling and conclude that Allen was not relieved of its duty under § 38–22–109(3).

We have considered Allen's other arguments for reversal and conclude that they are without merit.

Judgment affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.