**HILL DEVELOPMENT CORPORATION and First National Bank of Colorado Springs, Third-Party Defendants-Appellees,**

v.

**Carolyn A. CORDOVA dba Bob Cordova Driwall, Third-Party Defendant/Intervenor-Appellant.**

No. 84CA1346.

Colorado Court of Appeals, Div. II.

Jan. 9, 1986.

Spurgeon, Haney & Howbert, P.C., Nancy Chase Miller, Colorado Springs, for third-party defendants-appellees.

Frederic M. Wise, P.C., Colorado Springs, for third-party defendant/intervenor-appellant.

SMITH, Judge.

Carolyn A. Cordova, dba Bob Cordova Driwall, (Cordova) appeals from the trial

court's dismissal of her claim for foreclosure of a blanket mechanic's lien. We affirm.

In 1981, Cordova was hired as a subcontractor to install drywall in townhomes located in a subdivision owned by Hill Development Corporation. Cordova was not paid in full for her work, and on April 11, 1983, she filed a blanket mechanic's lien on eight of the lots in the subdivision. Cordova had not performed any labor or furnished any materials on these liened lots within the four months preceding the date the blanket lien was filed, but had worked on another lot in the subdivision within this period of time.

Cordova then sought to enforce her lien and was permitted to intervene in an action commenced by another lien holder. On a summary judgment motion, the trial court found that Cordova's blanket lien had not been timely filed and dismissed her claim for foreclosure.

On appeal, Cordova contends that the trial court erred in not utilizing the last date she furnished labor or materials to the unliened lot for purposes of determining whether the blanket lien was timely filed. We find no merit in this contention.

■ Although § 38–22–103(4), C.R.S. (1982 Repl.Vol. 16A) provides that under certain circumstances a single lien may be made, established, and enforced against two or more improvements, this section does not exempt such "blanket liens" from compliance with the statutory provisions upon which the right to the existence of a mechanic's lien depends. Accordingly, a blanket lien, as any other mechanic's lien, must be filed within applicable time limits and must contain a description of the property to be charged with the lien. *See* § 38–22–109, C.R.S. (1982 Repl.Vol. 16A).

■ There is no statutory support for Cordova's argument that the applicable time limits can be satisfied by work performed on property not described in the lien statement. Therefore, the time for filing Cordova's lien commenced the day after which the last labor was performed or the last material was furnished by Cordova on the lots described in the lien statement.

Because Cordova's lien statement was not filed within four months from this date, it was not timely filed, and the trial court correctly ruled that Cordova's failure to comply with the requirements of the statute rendered her lien unenforceable. *See Everitt Lumber Co. v. Prudential Insurance Co.*, 660 P.2d 925 (Colo.App.1983).

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.