Edward ADELSON, Johna Johnson and Ivan Hull, Plaintiffs–Appellants,

v.

The BOARD OF COUNTY COMMISSION-ERS FOR PITKIN COUNTY, Colorado; John P. McBride and Leo Ray Light, Jr., Defendants–Appellees.

No. 92CA1769.

Colorado Court of Appeals,
Div. III.

Nov. 18, 1993.

Rehearing Denied Dec. 23, 1993.

Certiorari Denied July 11, 1994.

Gibson, Dunn & Crutcher, Craig R. Carver, Denver, for plaintiffs-appellants.

Timothy E. Whitsitt, Pitkin County Atty., for defendant-appellee Bd. of County Com'rs for Pitkin County, CO.

Holland & Hart, James T. Moran, James B. Boyd, Aspen, for defendants-appellees John P. McBride and Leo Ray Light, Jr.

Opinion by Judge HUME.

Plaintiffs, Edward Adelson, Johna Johnson, and Ivan Hull, appeal a declaratory judgment finding that they have no rights in a vacated public road across private property belonging to defendants, John McBride and Leo Light, Jr.; that there was no inverse condemnation which would result in compensation to plaintiffs; and that the road in question had been properly vacated by action of the Board of County Commissioners for Pitkin County, Colorado (Board), and its members, Tom Blake, Robert Child, George Madsen, Helen Klanderud, and Robert Braudis, all of whom were also named party defendants. We affirm.

In 1980, plaintiffs, the Board, and a decedent's estate reached an agreement subdividing land owned by the estate and permitting plaintiffs to purchase adjoining mountain properties from the estate. The subdivision agreement set out terms regarding plaintiffs' use of the land and also provided that access to plaintiffs' purchased property would be via the Maurin easement, which traverses difficult terrain and runs south of their properties.

Adelson, who had acted as plaintiffs' spokesperson during the negotiations, was aware of the difficulty of reaching his property and that it could only be reached via the Maurin easement during the summer months or by snowmobile during the winter. He was happy with the remoteness of the area and did not see access limitation as a problem. Nothing in the purchase agreement indicated that plaintiffs contemplated using the East Sopris Creek Road (ESCR), which accessed their properties from the north.

McBride had previously purchased his property in 1979, after extensively researching the land and its history. He did not find in his research that ESCR, located on his property, had previously been dedicated as a public road. While the road dedication documents were filed with the Pitkin County Clerk and Recorder, they were never entered in the grantor-grantee index of recorded documents prior to McBride's purchase.

When he bought his property, Adelson knew that McBride had blocked access across ESCR. Not long after Adelson bought his property, McBride petitioned for, and the Board granted, vacation of ESCR as a public road. That vacation, however, violated a Colorado statute and was, therefore, declared void in a prior district court proceeding that was affirmed by this court. Af-

ter the road vacation statute was subsequently changed, McBride and Light again petitioned for vacation, which was once again granted by the Board. Plaintiffs then commenced this action challenging the second vacation as illegal and contending that ESCR, therefore, remained a public road.

The trial court found that McBride took title to his property without actual or constructive notice of the fact that ESCR had been dedicated as a public road; that the dedication was not properly recorded; and that indicia existing on the land itself were insufficient to put McBride on actual, constructive, or inquiry notice of the existence of a public road. It found that, although the agreement among the Board, the decedent's estate, and plaintiffs permitted use of their property for single family home development, the Board had agreed to that provision only because plaintiffs had, in turn, agreed to accept access via the Maurin easement and because summer use was primarily contemplated. It therefore found that, under these circumstances, plaintiffs had reasonable access to their property via an alternate private easement connecting their property to a public way.

## I.

■ Plaintiffs contend that the road petition and road survey map filed with the clerk and recorder, but not actually recorded in the grantor-grantee index, constituted constructive notice of the existence and location of ESCR to McBride and Light. We disagree.

■ Constructive notice of what is in documents of record and included in the purchaser's chain of title will be charged against the purchaser. Our supreme court, however, has rejected the notion that a road petition filed, but not recorded in the grantor-grantee index, provides constructive notice to subsequent purchasers. *Lakewood v. Mavromatis*, 817 P.2d 90 (Colo.1991).

■ Plaintiffs also assert that McBride had constructive notice because of the existence of recorded deeds in his chain of title conveying strips of land to the county. How-

ever, for a recorded deed to provide constructive notice it must provide:

An accurate and full description of all real property ... which description shall be set forth in particular terms and not by general inclusions....

Section 38-30-160(1)(a), C.R.S. (1982 Repl. Vol. 16A).

The record in this case indicates that two of the deeds make the following recitations:

A strip of land 40 feet wide over and across the following lands, Lots 4 and 5. Sec. 8. Lot 1. Sec. 7. Lot 7. [S]ec. 6. and Lot 18. Sec. 5. all in Township 9. S. R. 86 W. 6th P.M. Said strip to be used for County Road purposes....

A strip of land forty feet wide and about nineteen rods long being part of a road now constructed and now used as County road and in extension from the premises of Nakamura of the road through Nakamura land, a portion of Sopris Creek road as it is called.

These descriptions in the deeds are vague and do not set forth a description in particular terms. There is no clear evidence that they describe an interest in property now owned by McBride. As such, they did not provide constructive notice to McBride.

Plaintiffs further claim that McBride and Light had actual notice sufficient to require their further inquiry as to the existence of a public roadway across their land. The trial court found that Light did have either actual notice because of an earlier lawsuit in which he claimed ESCR was a public road or, alternatively, that he was estopped from asserting that ESCR is not a public road. Plaintiffs do not challenge this finding.

Plaintiffs also contend that McBride had sufficient notice so as to require further inquiry because of his extensive research before buying his property. We disagree.

■ Inquiry notice "requires sufficient facts to attract the attention of interested persons and prompt a reasonable person to inquire further." *Burman v. Richmond Homes, Ltd.*, 821 P.2d 913, 919 (Colo.App. 1991).

■ Actual and inquiry notice involve questions of fact. *See Everett v. Todd*, 19 Colo. 322, 35 P. 544 (1894). Therefore, findings made by a trial court as to such matters will not be overturned if there is a basis in the record to support them. *See Peterson v. Ground Water Commission*, 195 Colo. 508, 579 P.2d 629 (1978).

Here, the trial court found that none of McBride's research revealed ESCR was a public way and that the appearance of the road was such that no actual notice of its public character could be inferred. Further, the trial court found that McBride was not put on inquiry notice by the indefinite descriptions contained in the deeds appearing in his chain of title, and that he, therefore, acquired his property unencumbered by any right-of-way.

We conclude there is sufficient evidence in the record to support the trial court's findings that McBride lacked actual or constructive notice and was not charged with a duty of further inquiry as to the existence of a public road traversing his property.

## II.

Plaintiffs next contend that the vacation of ESCR was illegal. We disagree.

■ Plaintiffs first base their contention on § 43–2–303(2)(a), C.R.S. (1993 Repl.Vol. 17), which provides in relevant part:

No platted or deeded roadway or ... unplatted or undefined roadway which exists by right of usage shall be vacated so as to leave any land adjoining said roadway without an established public road or private-access easement connecting said land with another established public road.

Plaintiffs contend that if the vacation of ESCR is allowed to stand, they will have no year-round access to a public road and that, therefore, the vacation violated the statute.

■ Courts may look beyond the words of a statute to determine its purpose. *Brown v. Board of County Commissioners*, 720 P.2d 579 (Colo.App.1985).

While the statute literally reads "private-access easement," the trial court concluded that such access must be reasonable. We agree with that interpretation.

Plaintiffs contend that reasonable access is the obverse of the concept of "substantial impairment" and, thus, is a question of law, while defendants contend that the doctrines are distinct, and that reasonable access is a question of fact.

We reject plaintiffs' contention and note that the authority upon which they rely deals with condemnation rather than vacation of public roadways. *See Shaklee v. Board of County Commissioners*, 176 Colo. 559, 491 P.2d 1366 (1971); *Department of Highways v. Interstate–Denver West*, 791 P.2d 1119 (Colo.1990).

■ We agree with defendants that, in the context of vacating a public roadway, issues of reasonable access are questions of fact and will be overturned only if there is no basis in the record to support such a finding. *LeSatz v. Deshotels*, 757 P.2d 1090 (Colo.App.1988); *see Whinnery v. Thompson*, 868 P.2d 1095 (Colo.App.1993).

Here, the trial court visited and viewed both roads in question and found, among other things, that the Maurin easement provided reasonable access connecting plaintiffs' lands to a public road, commensurate with plaintiffs' actual use of their properties under their original agreement with the Board. We conclude that the evidence in the record adequately supports the court's finding.

■ Additionally, plaintiffs contend that the vacation of ESCR as a public road violates a county land use ordinance requiring their signatures on the petition for vacation. We disagree that their signatures were required.

Pitkin County Land Use Code § 4–4.2(a) provides in part:

The applicant(s) for any street plat or easement vacation shall present a petition requesting such vacation ... signed by the owners of all abutting property whose means of all legal ingress and egress thereto would be affected by such vacation....

Plaintiffs contend that they, as abutting land owners, should have been required to

sign the vacation petition, and since they did not, the petition and subsequent vacation are invalid.

 If language of a statute or ordinance is plain and its meaning is clear it must be applied as written. *Heagney v. Schneider,* 677 P.2d 446 (Colo.App.1984).

Here, the signature requirement on the ordinance in question applies only to owners whose entire legal means of ingress and egress will be eliminated if the road is vacated. Thus, since plaintiffs have a reasonable right of access via the Maurin easement, all legal access will not be eliminated by the vacation of ESCR. Hence, we perceive no error in the trial court's determination that the petition did not require their signatures.

### III.

Plaintiffs next contend that the trial court erred in not finding they had a private access easement over ESCR, regardless of the validity of its vacation. They contend that the trial court did not take into account that the subdivision agreement covenanted their land for "single family home sites and for accessory agricultural uses" and that the county cannot restrict use of their property only to summer months. We reject that argument.

How the land was covenanted when the county originally agreed to the subdivision in which plaintiffs acquired their land is a question of fact. The issue of land use was addressed at trial and conflicting evidence was introduced in that regard.

It is the province of the trier of fact to determine issues based on conflicting evidence, and we must resolve all possible inferences therefrom in favor of the tribunal's judgment. *Sedalia Land Co. v. Robinson Brick & Tile Co.,* 28 Colo.App. 550, 475 P.2d 351 (1970).

Here, the Board introduced evidence that it was influenced in accepting the subdivision agreement by plaintiffs' express desire for summer and snowmobile access as provided by the Maurin easement. And, plaintiffs bought their land knowing that access to it was to be provided over that easement. The necessary inferences that were drawn by the trial court from the circumstances surrounding the subdivision agreement with the Board are adequately supported by evidence in the record and will not be disturbed on appeal.

Because of our disposition of the above issues, we need not address plaintiffs' contention that the trial court erred in determining they are not entitled to compensation as a result of inverse condemnation of their rights in a public right-of-way.

Judgment affirmed.

METZGER and PLANK, JJ., concur.