**POWDER MTN. PAINTING, a Colorado general partnership, Plaintiff,**

**v.**

**PEREGRINE JOINT VENTURE, a Colorado Joint Venture, Defendant–Appellee,**

**and**

**Academy Insulation Company and Ronald Sauter, Defendants– Appellants.**

**Nos. 93CA2086, 93CA2134.**

Colorado Court of Appeals, Div. II.

Dec. 15, 1994.

Rehearing Denied Jan. 12, 1995.

Certiorari Denied July 24, 1995.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Edward P. Timmins, Denver, for defendant-appellee.

Academy Insulation Co., pro se.

Holley, Albertson & Polk, P.C., Eric E. Torgersen, Golden, for defendant-appellant Ronald Sauter.

Opinion by Judge ROY.

Defendants, Ronald Sauter and Academy Insulation Company, appeal the partial summary judgment entered by the trial court which determined that their asserted mechanics' liens were junior to a deed of trust benefitting Peregrine Joint Venture (PJV). We affirm.

PJV is a joint venture composed of contractors and material suppliers which obtained title to an incomplete condominium project in Avon, Colorado, through a prior mechanics' lien foreclosure. PJV sold the project to Grand–on–Avon (GOA), a partnership, and financed the sale. GOA executed and delivered a deed of trust in favor of PJV on March 9, 1990, which was recorded March 21, 1990.

On March 10, 1990, Sauter met with representatives of GOA and was employed as construction manager for completion of the project. He was advised on that date by a representative of GOA that PJV had carried back a $3.9 million loan to GOA and retained an interest in the project. Sauter performed services until December 1990, when the project shut down, and thereafter timely filed a lien statement claiming approximately $60,-

000 for services rendered, and claimed a priority date of March 10, 1990.

Academy, one of PJV's joint venturers, timely filed a mechanic's lien statement for labor performed and materials furnished pursuant to a contract with GOA.

The trial court concluded PJV's deed of trust had priority over the mechanics' liens asserted by both Sauter and Academy and certified its order as final pursuant to C.R.C.P. 54(b). Sauter and Academy separately appealed, and the two appeals were consolidated.

## I. Sauter's Appeal

### A.

■ Sauter asserts the trial court erred in its determination that Sauter's notice of PJV's deed of trust at the time Sauter commenced work was sufficient to prevent his mechanic's lien from being senior and prior to PJV's deed of trust which was not recorded at the time Sauter commenced work. We disagree.

Section 38–22–106(1), C.R.S. (1982 Repl. Vol. 16A) provides in pertinent part that:

All [mechanics'] liens ... shall relate back to the time of the commencement of work under the contract between the owner and the first contractor, or, if said contract is not in writing, then such liens shall relate back to ... the time of ... commencement of ... work upon the structure or improvement, and shall have priority over any lien or incumbrance subsequently intervening, or which may have been created prior thereto but which was not then recorded and of which the lienor ... did not have actual notice.

Citing Bankers Trust Co. v. El Paso Pre-Cast Co., 192 Colo. 468, 560 P.2d 457 (1977) and Tighe v. Kenyon, 681 P.2d 547 (Colo. App.1984) for the principle that the mechanics' lien statute should be construed liberally in favor of the lien claimant, Sauter argues that the requirements with respect to "actual notice" should be read narrowly and strictly so as to benefit the lienor.

■ In our view, however, the correct statement of the law is that the mechanics' lien statute should be strictly construed with respect to those acts necessary to perfect the lien and should be construed liberally as to the provisions of the statute that are remedial in nature. Richter Plumbing & Heating, Inc. v. Rademacher, 729 P.2d 1009 (Colo. App.1986); Everitt Lumber Co. v. Prudential Insurance Co., 660 P.2d 925 (Colo.App.1983). We conclude that priority relates to perfection of the lien, not to the remedial portions of the statute, and therefore, the statute's provisions governing priority should be strictly construed.

■ "Actual notice" is a term frequently used in, but not defined by, the statutes. There are relatively few cases in Colorado which have construed the term "actual notice." See Everett v. Todd, 19 Colo. 322, 35 P. 544 (1894); Adelson v. Board of County Commissioners, 875 P.2d 1387 (Colo.App. 1993). We conclude that "actual notice" is such notice as is positively proved to have been given to a party directly and personally, or such as the party is presumed to have received personally because the evidence within the party's knowledge was sufficient to put the party upon inquiry. See Black's Law Dictionary 1061 (6th ed. 1990).

Here, on March 10, 1990, Sauter was told and understood, by his own statement, that: (1) GOA had recently purchased the project from PJV; (2) PJV had financed the transaction in the amount of $3.9 million; and (3) PJV had a continuing interest in the project such that it would review and approve all future disbursements of funds. We conclude that this information is sufficient, as a matter of law, to put a party upon his own inquiry. Adelson v. Board of County Commissioners, supra. Sauter's denial of notice of PJV's interest under these circumstances amounts to willful ignorance which is equivalent to chargeable actual knowledge. See Mackey v. Fullerton, 7 Colo. 556, 4 P. 1198 (1884).

Therefore, Sauter was on "actual notice" of PJV's interest and his mechanic's lien is junior to the deed of trust in favor of PJV.

### B.

■ Sauter next argues a genuine issue of material fact exists as to whether the unfin-

ished structure upon which he commenced work was a new improvement so as to be within the scope of § 38–22–103(2), C.R.S. (1982 Repl.Vol. 16A). We are not persuaded.

Section 38–22–103(2) provides that a mechanic's lien for work done or material furnished for any entire structure, erection, or improvement attaches to the structure, erection, or improvement in preference to any prior lien or mortgage on the underlying land. *See Ragsdale Bros. Roofing, Inc. v. United Bank*, 744 P.2d 750 (Colo.App.1987).

Section 38–22–103(2) applies to the construction of new improvements as distinguished from expansion, repair, and remodeling of existing improvements. *Lew Hammer, Inc. v. Dash, Inc.*, 42 Colo.App. 414, 599 P.2d 948 (1979). The phrase "for any entire structure" does not refer to the completion of a building, erection, or improvement existent at the time a deed of trust was executed. The purpose of the statute is to give the lien priority as to the construction of an entirely new building. *Stinnett v. Modern Homes, Inc.*, 142 Colo. 176, 350 P.2d 197 (1960).

Here, it is undisputed that the building had been partially constructed and "substantially built out" before GOA acquired the property and retained the services of Sauter. Thus, Sauter did not commence work on a new structure, and since PJV did not hold a trust deed against unimproved property, there exists no question of fact as to the priority of Sauter's lien so as to make entry of summary judgment improper.

## II. Academy's Appeal
### A.

Academy first argues that the trial court did not acquire personal jurisdiction over it until Academy filed an answer which occurred subsequent to the entry of the court's order determining priority; therefore, it maintains that its lien priority was not determined by the order. We disagree.

The record indicates that Academy was named as a defendant in the complaint filed March 4, 1991, and personal service of the summons and complaint was accomplished on Academy's agent on February 2, 1993. Academy filed answers and counterclaims on July 20, 1993, and October 12, 1993, and a disclosure certificate on September 20, 1993. The original order with respect to priorities was entered October 19, 1991; the final order was entered May 12, 1993, but was certified as final pursuant to C.R.C.P. 54 on November 1, 1993. It is the order of May 12, 1993, which concludes that Academy's lien is junior to the deed of trust in favor of PJV.

The court obtained jurisdiction over the subject matter of the litigation upon the filing of the complaint and jurisdiction over Academy upon service of the summons and complaint. C.R.C.P. 3(b); *Johnson v. McCaughan, Carter & Scharrer*, 672 P.2d 221 (Colo.App.1983). Therefore, the court had both subject matter jurisdiction and personal jurisdiction over Academy at the time the order was entered.

### B.

Academy next asserts there is insufficient evidence in the record to establish Academy's actual notice of PJV's trust deed and that PJV is estopped from denying the lien claimed by Academy as one of PJV's own partners.

While jurisdiction over Academy was not obtained until late in the proceedings and only approximately three months prior to the entry of the order, Academy was on notice of the order and the fact that it was being challenged by others right up to its final certification some seven months thereafter. Despite such notice, Academy did not seek reconsideration of the order in its own right, nor did it offer any evidence to support its position that it was entitled to priority. In addition, Academy did not present any legal argument relating to the sufficiency of the evidence or estoppel.

Therefore, we decline to address these questions as they were not preserved for appellate review. *See First National Bank v. Union Tavern Corp.*, 794 P.2d 261 (Colo. App.1990).

The judgment is affirmed.

PLANK and HUME, JJ., concur.